GEORGE D. HULING ET AL., Respondents, v. COLBY M. CHESTER, Appellant.

Kansas City City Court of Appeals, December 7, 1885.

**1.** CONTRACTS—OBLIGATION OF TO WHOM LIMITED.—The obligation of all contracts is ordinarily limited to those by whom they are made, and if privity of contract is wanting, its absence must be supplied by privity of *estate.*

**2.** —— PROPER PARTIES—CASE ADJUDGED.—In this case there is no privity of *contract* between defendant and Alonzo Huling, of whom plaintiffs are the sole heirs. The contract granted to Huling an easement in the Chester lot for erecting and maintaining one-half of his partition wall on that lot, and for the purposes of this case it may be assumed that this easement was such an interest in the Chester lot as to constitute a privity of estate *between the contracting parties* in that lot, and to make the contract run and go with that lot into the hands of the defendant, and that, therefore, the contract binds the defendant. But the compensation to be paid for the use of the wall, was to be paid, in a certain event, to Alonzo Huling and was a *chose in action,* which might or might not be due him. It was in no way attached to the Huling lot, and was not to be paid for the benefit of that lot, but solely for the benefit of Alonzo Huling who was to erect the wall. The plaintiffs cannot, as the *owners* of the Huling lot, maintain an action for the compensation which was to be paid to Alonzo Huling personally. The right, being personal to Huling, upon his death went to his personal representative.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed and petition dismissed.*

Statement of case by the court.

The plaintiffs are the sole heirs of Alonzo Huling, deceased. The estate of the said Alonzo Huling has been fully settled, and all of his debts have been paid.

The plaintiffs brought this action against defendant, C. M. Chester, as the grantee of W. R. Chester, upon the following contract:

"Kansas City, Mo., June 1, 1876.

"This is to certify that I, Melville Chester, agent for my son, W. R. Chester, who is the owner of a lot on Delaware street, Kansas City, adjoining the one formerly owned by one Wm. Van Vleck, now owned by one Alonzo Huling,

"1.    That I, Melville Chester, as agent, with full authority to act for my son, W. R. Chester, agree that the said Alonzo Huling may put the line wall on the south side, one-half on the said W. R. Chester's lot.

"2.    That I, Melville Chester, acting as agent for my son, W. R. Chester, with full power and authority, agree with said Alonzo Huling that when the said Chester shall build upon said lot, or any other party to whom he may sell said premises, shall build upon said premises, he she or they shall have the right to join, use and own one-half of said wall by paying for said one-half of said wall at the price brick-work may be worth at the time they shall use the same, or the said W. R. Chester may have the right any time within six months from this date to pay for one-half of said wall at the rate of seven dollars per thousand for brick-work, the same to be calculated in the usual way among Kansas City brick men.

"In testimony whereof we have hereunto set our hands and seals the day and date above written.

"Alonzo Huling,        [seal]
"W. R. Chester,        [seal]
           "By M. Chester."

Prior to his death, Alonzo Huling built on his lot, and placed the "line wall," as per contract, one-half on

the W. R. Chester lot. The defendant purchased the lot from his brother, W. R. Chester, with full notice of the contract. After his purchase the defendant erected a building on his lot, and used the party wall for his building. Alonzo Huling died seized of his lot. This action is brought for the purpose of recovering the cost of one half of the said wall as provided by the contract.

The court found for the plaintiffs and the defendant has appealed to this court.

J. D. S. COOK and HENRY WOLLMAN, for the appellant.

I. The plaintiffs are not the proper parties to bring suit. This promise is personal to the payee, and the suit should be by his executor or administrator. 1 Chitty on Pleading, 19, and cases cited ; Revised Statutes, Mo., Administration Act, articles I and V.

II. The suit is against the wrong party. There is no promise to pay by the defendant whatever, and no evidence is given that he ever assumed the debt, or created a novation.

III. This brings up the question whether a contract to pay for a party wall imposes an obligation upon the purchaser from the contracting party, to pay for the wall when used. Such obligation can only exist in the case of a covenant running with the land. The promise to pay for this wall is not a covenant at all. *Doe v. Philips*, 11 Q. B. 131; *Beckford v. Parsons*, 5 C. B. 920.

IV. Even if this could be construed as a covenant, the general rule is, that covenants made *with* the owner of the land *to which they relate may run with it*, but that covenants made *by* owners of the land do not. *Roche v. Wadham*, 6 East 289 ; *Plymouth v. Carver*, 16 Pick. 183; *Brewster v. Kitchell*, Lord Raymond, 318; *Cole v. Hughes*, 54 N. Y. 449. 2 Washb. Real Prop. 285 and 363. Nor does the fact that defendant had notice of the agreement make any difference. *Brewer v. Marshall*, 4 C. E. Green, 542.

V. To make a covenant capable of running with the land, it must concern the land itself and form part of the consideration for which it, or some interest in it, is parted with. 2 Washb. Real Prop. 286.

VI. Plaintiffs sue upon an express contract and their evidence shows that they have not complied with it, and that their non-compliance has injured defendant. How can they recover on an express contract, unless they themselves have performed their part of it?

Alderson & Young, for the respondents.

I. A contract between the owners of adjoining lands to pay for one-half of the cost of a party wall, when erected on their respective estates, is a covenant for the benefit of the estate and runs with the land, extending to an assignee or grantee, though not named. In such case each party parts with an interest in his land, an easement, thereby creating the relation of privity of estate, which is one of the essentials to pass the covenant to the heir or assignee. The covenant between Huling and Chester were real covenants, running with the land, because there was privity of estate between the covenantor and his grantee, and the covenant related to and was for the benefit of the estate. It was also the expressed intention of the parties that it should run with the land. 2 Washb. Real Prop. 284; Wood's Land. & Ten. 502; 1 Sm. Lead. Cases (5 Am. Ed.) 124–140; *Maury v. Southworth*, 9 Ohio St. 340; Taylor on Land. and Ten. (2 Ed.) sect. 261; 4 Kent's Comm. 471; *Miller v. Noonan*, 12 Mo. App. 370; *Bullock v. Peck*, 2 Dover 9.

II. If the owner of land builds a party wall under an agreement with an adjoining owner that the latter shall, on using any part of the wall, pay proportionately therefor, a purchaser with notice from such adjoining owner will be liable to pay for any part used by him. *Wickersham v. Orr*, 9 Iowa 253; *Burlock v. Peck*, 2 Dover (N. Y.) 90; *Savage v. Mason*, 3 Cushing (Mass.) 500; *Brown v. Coffin et al.*, 108 Mass. 175; *Richardson*

*v. Tobey*, 121 Mass. 457; *Kell v. Helm*, 56 Miss. 700; *Platt v. Eggleston*, 20 Ohio St. 414; *Rawson v. Bell*, 46 Georgia 19; *Huck v. Flentye*, 80 Ill. 258; *Burbank v. Pillsbury*, 48 N. H. 475.

III. It is admitted in defendant's answer that W. R. Chester *executed* the contract sued on, and, therefore, proof of authorization was unnecessary.

IV. There is no substantial variance between the pleadings and the proof in this case The objection was not made at the trial and it now comes too late. Revised Statutes, Mo., section 3569; Pomeroy on Rem., etc., section 555.

V. It was the duty of the court to grant such relief as the petition and evidence warranted as on a *quantum meruit*. *Rindge v. Baker*, 57 N. Y. 209.

HALL, J.—The obligation of all contracts is ordinarily limited to those by whom they are made, and if privity of contract is wanting, its absence must be supplied by privity of estate. *Miller v. Noonan*, 12 Mo. App; 373; *Spencer's Case*, 5 Coke 16, and note to that case; 1 Smith's Leading Cases (Hare and Wallace notes), 106; *Webb v. Russell*, 3 T. R. 393; *Hurd v. Curtis*, 19 Pick. 459.

It is unnecessary to cite more of the very numerous authorities for this well settled principle.

In this case there is no privity of contract between defendant and Alonzo Huling, and there must be privity of estate, otherwise the contract in suit does not run with the Chester lot so as to bind the defendant.

The contract granted to Huling an easement in the Chester lot, for erecting and maintaining one-half of his partition wall on that lot. The plaintiffs contend that this easement was such an interest in the Chester lot as to constitute a privity of estate between the contracting parties in that lot, and to make the contract run and go with that lot into the hands of the defendant; and that, therefore, the contract binds the defendant.

For the purposes of this case we shall assume that this position, taken by the plaintiffs, is correct.

Who are the proper parties to maintain this action? So far as the easement is concerned, that belongs to the Huling lot. The owners of the lot possess the easement. But how about the compensation to be paid by the owner of the Chester lot for the use of the wall erected by Alonzo Huling, or rather of that portion of the wall which is upon the Chester lot? This compensation was to be paid, in a certain event, to Alonzo Huling. This compensation was a chose in action, which might, or might not, be due him. It was in no way attached to the Huling lot. It was not to be paid for the benefit of that lot, but solely for the benefit of Alonzo Huling, who was to erect the wall. *Cole v. Hughes*, 54 N. Y. 447.

The plaintiffs could maintain an action for any interference with their enjoyment of the easement. But they can not, as owners of the Huling lot, maintain an action for the compensation, which was to be paid to Alonzo Huling, personally.

The contract in suit provides that the compensation shall be paid, in a certain event, by W. R. Chester, or "anyone to whom he may sell" his lot; but it does not provide that the compensation shall be paid to Alonzo Huling, or anyone to whom he might sell his lot. Had Alonzo Huling sold his lot, after having erected the house and wall upon it, to whom would the compensation have been payable: to Huling or the purchaser? Undoubtedly to Huling. Huling in that case would have conveyed all his interest in the lot, and, as appurtenant thereto, in the party wall, to the purchaser. But why should the purchaser have received payment for a portion of the cost of building the party wall? The right to this payment did not belong to the Huling lot and would not have gone with it. *Cole v. Hughes, supra.*

Had the contract, in this case, been a contract of the same terms concerning a private way between the two

lots, for the use and benefit thereof, to be built by Huling, one-half on his lot, the other half on the Chester lot, and to be used by Chester or his assigns upon payment by him or them so using it of one-half the cost of building the way; to whom would the compensation have been payable, if Huling had built the way and afterwards sold his lot? In that case, the way would have been built for the use and benefit of the two lots. An easement in the entire way would have belonged to the Huling lot, and this the purchaser would have acquired. But the right to payment of one-half of the cost of building the way would have belonged to Huling, who did the work. The easement would have been of use and benefit to the lot, and would have gone with it. The payment of such portion of the cost of the wall would have been of no use or benefit to the lot and would not have gone with it.

As said before, so it is in this case. The easement belongs to the plaintiffs. The right to the compensation, sued for, does not belong to them. The right being personal to Huling, upon his death went to his personal representative. 1 Chitty's Pleading, 19; 3 Comyer's Digest Title Covenant, 260; *Smith et. al. v. Denny et al.*, 37 Mo. 23; *State ex rel. Hounsom v. Moore et al.*, 18 Mo. App. 406.

Alonzo Huling's estate has been fully administered. If the right to this compensation accrued after the close of the administration, an administrator *de bonis non* could have been appointed as successor to the administration, and he could have maintained his action.

The judgment is reversed and the petition is dismissed. All concur.