FREDERICK STEHR, APPELLEE, V. JOHN RABEN ET AL.,
APPELLANTS.

33  437
36  344

[FILED NOVEMBER 18, 1891.]

**Party Walls:** AGREEMENT BINDS PURCHASERS. An agreement
between adjoining owners in relation to a party wall erected on
the division lines of their lots is binding on the parties and
those who purchase subject to such agreement, and creates an
equitable charge upon the lots.

APPEAL from the district court for Hall county. Heard
below before HARRISON, J.

*Sedgwick & Power,* for appellants, cited: *McCourt v.
McCabe,* 1 N. W. Rep. [Wis.], 192; *Andrea v. Haseltine,*
17 Id., 16; *Guttenberger v. Woods,* 51 Cal., 523; *Gibson
v. Holden,* 3 N. E. Rep. [Ill.], 282.

*Abbott & Caldwell, contra.*

MAXWELL, J.

This action was brought upon a promissory note, as
follows:

"$374.          GRAND ISLAND, 11–20–1886.

"One year after date we promise to pay to the order of
Stehr Bros. three hundred and seventy-four dollars, at
Grand Island, Neb., value received, with interest at ten
per cent from date.          JOHN RABEN,

"CHAS. IVERS."

It is alleged in the petition, in substance, that one Henry
Stehr and the plaintiff on the 30th day of November,
1888, were the owners of the east one-third of lot 3, in
block 80, in the city of Grand Island; that the center
third was owned by John Wallicks; that by arrangement
between the Stehr Bros. and Wallicks, the former, in erect-

ing a brick building on their lot, built one-half of the west wall thereof on the lot owned by Wallicks, under an agreement that when Wallicks or his grantee erected a building on his lot he should then pay for one-half of the party wall.

About the time the note in question was given, John Raben purchased that portion of the lot owned by Wallicks, with knowledge of the above contract, and took the title in the name of his wife. Thereupon Raben begun the erection of a building on said lot, and after employing certain builders to estimate the value of one-half of the party wall found that the estimated value thereof was $374, upon which he executed the note in question. The Stehr Bros. do not appear to have been aware at this time that Raben had taken the title in the name of his wife.

On the trial of the cause the court rendered a decree as follows:

"This day comes again the plaintiff by O. A. Abbott, his attorney, and the defendants by J. H. Smith, their attorney, and this cause came on to be heard on the issues joined between the parties and the evidence, and the court, after hearing the evidence and arguments of counsel, and being fully advised in the premises, do find that the note set out and described in the plaintiff's petition was made by the said John Raben in consideration for the use and convenience of a partition wall described in the plaintiff's petition; that at the time of the execution and delivery of said note, said John Raben was the husband of the defendant Alvine Raben and was acting in her behalf, and that the purchase of said wall and the giving of said note were each for the use and benefit of the said Alvine Raben. At the time of the giving of said note said plaintiff did not know for whom said wall was being purchased; that said note has never been paid nor has said Alvine Raben ever paid to the plaintiff or any other person any money or other consideration for the use and benefit of said wall;

that the defendant Alvine Raben constructed her building as alleged in the plaintiff's petition, using said wall as a partition wall; that said wall is necessary for the support of said building; that the separation and removal thereof or the separation of the rest of said building from said wall would destroy the same.

"And the court do further find that the amount due on said note is the sum of $477.80, and that said sum bears interest at the rate of ten per cent per annum; and that said plaintiff is entitled to a lien on said wall and all of · that portion of the lot on which said described wall stands, to secure the payment of the amount now due on said note or hereafter to grow due, and the costs of this proceeding.

" It is therefore ordered, adjudged, and decreed that the said plaintiff do have and recover of and from the said John Raben and Alvine Raben the said sum of $477.80, so found due as aforesaid, with interest thereon from the 10th day of September, A. D. 1889, at the rate of ten per cent per annum, together with his costs about this suit in his behalf expended and taxed to the sum of $31.50.

"And it is further ordered, adjudged and decreed that in case the said defendants fail for twenty days from this date to pay the plaintiff the said sum of $477.80 so found due as aforesaid with interest as aforesaid, and costs taxed as aforesaid, that an order issue to the sheriff of Hall county commanding him to cause the west half of said wall, together with so much of the center one-third of lot 3 in block 80 of the original town, now city, of Grand Island as is covered by said wall, to-wit, a strip of land seven inches in width off the west side of the center one-third of lot 3 in block 80, to be appraised and sold according to law, and out of the proceeds of said sale pay, first, the costs of this proceeding; second, pay the plaintiff the sum so found due as aforesaid, with interest, cost and increase costs, and pay the residue thereof into court to await its further order in the premises."

The right of the plaintiff to recover upon the note in controversy is not seriously questioned, and such a contract "creates an equitable charge, easement, and servitude upon the lots built upon." (*Keating v. Korfhage*, 88 Mo., 524; *Mackey v. Harmon*, 34 Minn., 168; *Burr v. Lamaster*, 30 Neb., 688.)

This question, in another form, was before this court in *Burr v. Lamaster, supra*, and it was held, in substance, after a careful consideration of the cases for and against the proposition, that a contract of this kind attaches to the land, and in certain contingencies will be an incumbrance upon it.

The judgment is right and is

AFFIRMED.

THE other judges concur.