RUFUS H. JORDAN v. JOHN KRAFT.

[FILED JANUARY 27, 1892.]

Party Walls: CONVEYANCE BY LOT OWNER SUBJECT TO. J. and K., who owned adjoining lots, entered into a written contract for the erection of a party wall on the line dividing the same, by the terms of which J. was to furnish the labor and materials and construct the wall and K. was to pay him, within a specified time after its completion, one-half the cost of sixty feet thereof, and also to pay one-half the value of so much of the remaining portion as he should use as a partition wall within thirty days after he should use the same. K. paid his share of the sixty feet

and afterwards, but before using the partition wall, he sold his lot. The purchaser assumed in the deed the party wall agreement and afterwards joined to and used 100 feet of the party wall. In an action against K. to recover one-half the value of the remaining forty feet of the party wall, it was *held* that he was not liable.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*H. B. Willson*, and *Thompson Bros.*, for plaintiff in error, cited : *People v. Gosper*, 3 Neb., 310; *Hamilton v. Thrall*, 7 Id., 219 ; *Sch. Dist. v. Estes*, 13 Id., 53; *Harbach v. Miller*, 14 Id., 13 ; *Jones v. Witherspoon*, 78 Am. Dec. [N. Car.], 260; *Smith v. Jordan*, 13 Minn., 264.

*Thummel & Platt, contra.*

NORVAL, J.

This is an action by Rufus H. Jordan against John Kraft upon a party wall agreement to recover one-half of the cost of a portion of a party wall erected by the plaintiff on the division lines of their lots. There was judgment in the court below for the defendant.

On the 20th day of May, 1881, the plaintiff was the owner of the west one-third of lot 2, in block 65, of the city of Grand Island, and the defendant owned the center one-third part of said lot. On that day the plaintiff and defendant entered into a written agreement for the erection of a party wall on the line dividing their real estate, by the terms of which Jordan was to furnish all the labor and materials and at his own cost and expense erect, during the year 1881, a brick wall 100 feet in length and of a specified thickness and height upon said division line. Kraft agreed to pay Jordan, within sixty days after the completion of the wall, one-half of the cost of the north sixty feet thereof. The contract contained the further stipulation that " said Kraft also agrees to pay one-half of

the actual cost of so much of the remaining portion of said wall as he shall ever use as a partition wall, within thirty days after he shall build upon and use the same. The value of the last above named portion of said wall to be fixed by the amount it would cost at the time he shall so use and build upon the same."

It is admitted that the plaintiff constructed the wall according to the terms of the contract and that the defendant has paid his proportion of the cost of the north sixty feet of the wall.   Prior to November 11, 1884, the defendant had not used any portion of the party wall, and on that day he sold and conveyed the center one-third of said lot No. 2 to one David F. Jamison.   The deed contained this provision: "Said grantee assumes the agreement between the line owners between the said center third and the west third of said lot."

This action is to recover one-half of the value of the south forty feet of the partition wall erected by the plaintiff.

The question presented for our consideration arises upon the ruling of the trial court in excluding from the jury the testimony offered by the plaintiff tending to prove the said Jamison, the defendant's grantee, erected a building in 1885 upon the center third of said lot and that the same was so constructed as to use and occupy said party wall.

It is urged by counsel for defendant that the court did not err in rejecting the offered testimony, for the reason that Kraft did not obligate himself to pay for the remaining portion of the wall unless he used the same.   We think the interpretation of the contract for which the defendant contends should obtain.   By the terms of the agreement Kraft promised absolutely to pay one-half the cost of sixty feet of the wall within thirty days after its completion.   He only agreed to pay a like proportion of the value of so much of the remaining part of the wall as he should use.   If he never joined to the wall he was not to pay.   Clearly such is the meaning of the language

First Natl. Bank of North Bend v. Miltonberger.

used by the parties.   To hold that the defendant is liable because the party wall was used by his grantee would be to interpolate words  into the instrument and make a new agreement for the parties, which the court has no power to do.   The contract is not merely personal, binding only on the parties to it, but it attaches to and  passed with the lot. Jamison had the same right to use the wall as Mr. Kraft, and no more.   It was never contemplated by the parties that Kraft alone had the right to  join to the wall, but rather that the owner of the lot, whoever he might be, could  do so, on paying  to the owner  of the other lot the unpaid portion of the value of the party wall.   This burden Jamison assumed in the deed to him.   The judgment is

AFFIRMED.

THE other judges concur.