## John D. Garmire v. John A. Willy.

Filed March 1, 1893.    No. 4529.

1. **County Court**: Jurisdiction: Party Walls. A county court has jurisdiction of an action brought upon a party wall agreement to recover one-half the expense of building a party wall, where the amount sought to be recovered does not exceed the jurisdictional limit of such court.

2. **Party Wall Agreement**: Cost of Construction of Wall: Liability of Purchaser of Adjoining Lot. Where a party purchases a lot on which there is a party wall built by the owner of the adjoining lot, with notice, either actual or constructive, of a contract between his grantor and such adjoining lot owner, that the grantor will pay one-half the costs of constructing the wall whenever he shall use it, the agreement further stipulating that the covenants therein shall extend to and be binding upon each party, his heirs, administrators, and assigns, such purchaser is liable for the amount agreed to be paid by his grantor in case he makes use of the wall.

3. ———: Registration: Notice. The proper registration of a party wall agreement is constructive notice to all purchasers of the real estate affected by the agreement, and such notice is as effectual and binding as actual notice.

4. **Bona Fide Purchasers.** Where a purchaser of property pays the grantor the consideration therefor after he has received actual or constructive notice of a prior right or equity, he is not entitled to the protection which the law affords an innocent purchaser for value.

5. **Evidence**: Review. *Held,* That the proof supports the verdict.

Error from the district court of Thayer county. Tried below before Morris, J.

*O. H. Scott* and *Hambel & Heasty,* for plaintiff in error.

*Manford Savage, M. H. Weiss,* and *C. L. Richards, contra.*

NORVAL, J.

This was an action brought in the county court by John A. Willy against John D. Garmire, to recover one-half of the cost of a party wall constructed by Willy, under a written contract with one E. M. Correll, defendant's grantor, and for damages alleged to have been sustained by reason of the defendant carelessly and negligently cutting into and injuring said party wall and plaintiff's building. From a judgment in favor of the plaintiff in the county court the defendant appealed to the district court, where the cause was tried to a jury who, under the instructions of the court, found for the plaintiff, assessing his damages at the sum of $332.83, being one-half of the value and cost of the party wall.

In June, 1886, John A. Willy and E. M. Correll entered into a written contract, by the terms of which the former was authorized to construct a party wall upon the dividing line between their adjacent lots, in the town of Hebron, one-half of the wall to rest upon Correll's lot, and the other half on Willy's lot. It was expressly stipulated in the contract that when so built, Correll, upon the payment of one-half of the costs of the erection of said wall, should have the right to use the same as a party wall for any building he might thereafter construct on his lot. The contract also contained this provision: "It is mutually agreed that all the covenants and agreements herein contained shall extend to, and be obligatory upon, the heirs, administrators, and assigns of the respective parties." The agreement, though signed by the parties in June, 1886, was not acknowledged by them, so as to authorize it to be recorded, until September 21, 1888. It was duly filed for record on the day last above written, at 9:20 A. M.

Subsequent to the making of said contract, but prior to September, 1888, Willy erected a brick building, with a stone foundation thereunder, upon his lot, and in so doing

constructed a party wall in accordance with said agreement, resting one-half thereof upon his lot and the other half upon the one owned by Correll. After the party wall was erected, Correll sold and conveyed his lot to John D. Garmire, who erected a building thereon, and made use of the party wall as one of the walls for his building. Neither Correll nor Garmire having paid any portion of the cost of the party wall, this action was brought.

The first objection urged against the judgment is that the county court had no jurisdiction of the subject-matter, hence the district court acquired none by the appeal. The case of *Brondberg v. Babbott,* 14 Neb., 517, is cited to sustain the proposition. In that case it was held that the district court acquires no jurisdiction of a cause on appeal from the county court if the latter had no jurisdiction of the subject-matter. We concede the soundness of the doctrine therein announced, but it has no application to the case at bar, unless the proposition contended for by the defendant be true, namely, that the court had no jurisdiction to try and determine the case. Whether it had jurisdiction of the second and third causes of action alleged in the petition, which relate to damages to the party wall and plaintiff's building, it is not necessary to stop to inquire, inasmuch as no recovery was had upon either of these counts of the petition. The only question submitted to the jury to pass upon had reference to the value or cost of one-half of the party wall.

Has a county court jurisdiction in an action brought upon a party wall agreement to recover a portion of the cost of building a party wall? The answer must be in the affirmative.

By section 16 of article VI of the state constitution it is provided that "county courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts, in all matters relating to apprentices, and such other jurisdiction

as may be given by general law.  But they shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over five hundred dollars; nor in actions in which title to real estate is sought to be recovered or may be drawn in question; nor in actions on mortgages, or contracts for the conveyance of real estate ; nor in civil actions where the debt or sum claimed shall exceed one thousand dollars."

Section 2 of chapter 20, Compiled Statutes of 1891, declares that "county judges, in their respective counties, shall have and exercise the ordinary powers and jurisdiction of a justice of the peace, and shall, in civil cases, have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars, exclusive of costs;  *  *  *   *Provided*, That county courts shall not have jurisdiction : I. In any action for malicious prosecution.  II. In any action against officers for misconduct in office, except where like proceedings can be had before justices of the peace.  III. In actions for slander and libel.  IV. In actions upon contracts for the sale of real estate.  V. In any matter wherein the title or boundaries of land may be in dispute, nor to order or decree the sale or partition of real estate."

It is perfectly plain from a reading of the foregoing constitutional and statutory provisions that the county court had jurisdiction of the subject-matter of the action.  The case does not come within any of the limitations upon the powers of such courts contained in the sections quoted.  This is a plain action upon a contract for the recovery of money only.

In *Mushrush v. Devereaux*, 20 Neb., 49, it was held that a county court has jurisdiction in an action for money had and received, brought to recover money paid upon an agreement for the purchase and sale of land, where the defendant refused to perform his agreement to convey.  To us it seems to follow logically from the principle of that decision

that the county court had jurisdiction of the subject-matter contained in the first count or cause of action in the petition filed in this case.

It is also contended by the defendant that there was neither privity of contract nor estate between the parties to the action, hence, if the agreement can be enforced against the defendant, it must be by equitable action and not by a suit at law. It is, doubtless, true the agreement created an equitable easement or charge upon the lot sold by Correll for the amount of the one-half of the cost of, the construction of the party wall, which could have been enforced by appropriate equitable action. (See *Stehr v. Raben*, 33 Neb., 437.) But it does not follow from this, that an action at law will not lie against Garmire, personally, to enforce the agreement. It must be conceded, had Correll used the party wall before the sale of his lot, he would have been liable, under the agreement, for his portion or share of the cost of its erection. Garmire, having purchased the lot with notice of the agreement, occupies no better position with respect to the agreement than his grantor. By claiming the benefits of its provisions he became bound for the performance of the stipulation to pay one-half the cost of constructing the wall. Such an agreement attaches to the land. (*Burr v. Lamaster*, 30 Neb., 688; *Jordan v. Kraft*, 33 Id., 844; *Roche v. Ullman*, 104 Ill., 11.)

It is finally claimed that the court erred in directing the jury to find for the plaintiff, and this assignment is based upon the fact that the court did not submit to the jury the question whether or not the defendant knew of the party wall agreement at the time of the purchase of the lot. The evidence is conflicting upon the point whether the defendant had actual notice of the agreement before he made the purchase. He testified that he had no notice whatever; while plaintiff and Mr. Correll both testified positively that he had. If the case rested solely upon whether Gar-

mire had actual notice at the time of the purchase and sale, we would agree with defendant's counsel, that owing to the conflicting evidence the question should have been left to the jury.

But the record shows that the defendant had constructive notice of the terms of the party wall agreement, at least before the consideration for the lot was paid, which is as binding upon him as if he had received actual notice thereof. An optional contract for the purchase of the lot was made on September 20, 1888, which was the day prior to the recording of the party wall agreement. The price of the lot was fixed at $1,000. The agreement was that Correll should make a deed for the lot and deposit the same with the First National Bank of Hebron, to be delivered to Garmire on the payment of the full consideration, which was done. The latter was to and did draw his check on said bank for the sum of $100, payable to the order of Correll, which was likewise left with the bank. The following stipulation was written upon the back of the check:

"SEP. 20, '88.

"This check is given to bind the bargain for the sale of E. M. Correll's business lot on Lincoln Ave. for one thousand dollars, payable within sixty days from date. Lot located in block 15, town of Hebron. The option is good for 10 days and this check is returnable to maker within that time at his request.      E. M. CORRELL."

It is uncontradicted that the money was not paid to Mr. Correll upon the check until thirty days after its date, and the remaining $900 of the purchase money was not paid until about thirty days later, when the deed was delivered and placed on record. In view of the facts appearing in this record we are forced to the conclusion that defendant was not an innocent purchaser. In order to constitute a grantee a *bona fide* purchaser he must have parted with the consideration before he receives notice of any prior

right or equity. At the time the defendant paid the pur-chase money he had constructive notice of the existence and terms of the party wall agreement entered into between his grantor and the plaintiff, since the agreement was then duly recorded. The judgment of the district court is

AFFIRMED.

THE other judges concur.