## SCOTTISH-AMERICAN MORTG. CO., Limited, v. RUSSELL.

The provision in a contract between owners of adjoining lots, authorizing either to build a party wall on the line, the other, when using it, to pay half the cost, "and the said parties hereby convey to each other such interest in the land to be covered by said party wall as may be necessary to carry out the terms of this agreement," does not convey a fee simple, but merely gives an easement.

The presence of a party wall on the dividing line between adjoining lots is not constructive notice to a purchaser of one of them, so as to make him liable, on using the wall, for half of its cost, under the unrecorded contract between his grantor and the owner of the other lot, whereby each conveyed to the other such interest in the land to be covered by the wall as should be necessary to carry out the agreement, and either was authorized to build the wall, the other, on using it, to pay half the cost.

(Opinion filed, Sept. 2, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Scottish-American Mortgage Company, Limited, against F. Ida Russell. Judgment for defendant. Plaintiff appeals. Affirmed.

*Bailey & Voorhees,* for appellant. *Boyce & Warren,* for respondent.

CORSON, P. J.   This is an action for an injunction to enforce payment for a party wall, and was tried upon an agreed statement of facts.   From a judgment in favor of the defendant, and order denying a new trial, the plaintiff has appealed.

The plaintiff is the owner of lot 18, and the defendant of the adjoining lot 17, in a block in the city of Sioux Falls.   In June, 1889, Andrew E. Phillips was the owner of lot 18, and Patrick Hare was the owner of lot 17, and they entered into a party-wall contract; but this contract was not recorded until after Hare had conveyed lot 17 to the grantor of the defendant.   Soon after the execution of the party-wall contract Phillips commenced the construction of a building known as the "Phillips Block" on lot 18, and completed the same prior to the 5th day of July, 1892.   In the construction of this block the party wall was located in accordance with the party-wall contract; the center line of the wall coinciding with the dividing line between the two lots.   On July 5, 1892, Hare executed and delivered a deed to lot 17 to the person through whom the defendant and respondent now claims title.   This deed was filed for record on said 5th day of July at 10 o'clock, a. m., and the party-wall contract was filed for record on the same day at 3:45 o'clock, p. m.   The purchaser from Hare had no notice of the terms of the party-wall contract, other than such notice as the existence of the building and of the party wall would give him.   The party-wall contract contains the following stipulations: "Now it is mutually agreed by and between the said parties, for themselves, their heirs and assigns, that, if the said Phillips shall build the party wall between the said lots, he shall build the same of brick or stone, and not less than 16 inches and not more than 2 feet in thickness, and extending back from Main avenue not less than 75 feet in depth, and shall build it on the dividing line between said lots.   And, it is further mutually agreed by and between the said parties that whenever the said Hare shall build on said lot 17 he shall contribute and pay to said Phillips one-half of the cost of said wall, and then shall have the right to use said wall in common with said Phillips.   And it is further mutually agreed by and between said parties that, if the said Hare shall first build said wall, he shall build it in the same manner before

specified, and, upon payment to him by said Phillips of one-half the cost thereof, said wall shall be owned and used in common. * * * The . right to build and the obligation to use and pay for one-half the cost thereof, as above specified, shall be mutual and binding upon said parties, both as to the wall that may first be built and to any future extension thereof. And the said parties hereby convey to each other, their heirs and assigns, reciprocally, such interest in the land covered or to be covered by said párty wall as may be necessary to carry out the terms of this agreement. Witness our hands and seals this 22nd day of June, 1889."

It is contended by the appellant that, notwithstanding the defendant's grantor, through whom she claims, had no actual notice and no constructive notice by reason of the recording of the contract, still the erection of the party wall one foot on lot 17 constituted constructive notice of the existence of the contract, which was binding upon her grantor and those claiming under him, by reason of the following clause in the contract: "And the said parties hereby convey to each other, their heirs and assigns, reciprocally, such interest in the land covered or to be covered by said party wall as may be necessary to carry out the terms of this agreement." It is contended by the appellant that by this clause in the contract Phillips acquired a fee-simple estate in the portion of lot 17 covered by the party wall, and that this clause is not usual in a party-wall contract, which is usually a mere license to erect a wall upon the property of the adjoining property owners without in effect conveying the fee title to such adjoining property owner, and that by reason of this clause of the conveyance the erection of the party wall was constructive notice, binding upon Hare's grantee and upon the defendant in this action. It is insisted by the respondent that no such effect can be given to the clause of the contract above quoted, and it amounts to no more than an easement as defined by section 267, Rev. Civ. Code. We are inclined to take the view that the respondent is right in her contention, and that no fee-simple title was conveyed by this clause in the contract. It will be observed that the language is: "And the said parties hereby convey to each other * * *

such interest in the land covered, or to be covered by said party wall as may be necessary to carry out the terms of this agreement." It does not purport to convey an absolute fee-simple title, but simply such interest in the property as may be necessary to carry into effect the terms of the agreement. Certainly there could have been no such intention between the parties as that of conveying to each other the fee-simple title of the ground upon which the party wall was to be constructed. If we are correct in the view we have taken that the contract simply granted an easement in the party wall, then it logically follows that the existence of the party wall was not constructive notice of an agreement between the parties. No case has been called to our attention ,and we think none can be found, in which the existence of such a wall has been held to give constructive notice of the existence of an agreement binding the owner of an adjoining property to pay a ·portion of the expense incurred in the erection of such·wall, and the only constructive notice that seems to have been recognized by the courts is that imparted by the recordation of the party-wall agreement. It seems to be quite uniformly held by the authorities that one purchasing property of the owners, who has entered into a party-wall agreement, without notice, actual or constructive, of the existence of such an agreement, is not bound thereby to pay any portion of the expense of the wall in order to entitle him to the use of that portion situated on his or her lot; and the authorities are not in harmony as to the right of a grantee of one who has entered into a party-wall contract to recover of the owner, or the grantee of such owner of an adjoining lot, a proportion of the expense for the erection of such a wall, though the grantee of the owner erecting such wall acquired the right of his grantor to the easement incident to such a party wall. As bearing upon the question we have been discussing, see the following cases: Roche v. Ullman, 104 Ill. 11; Trustees v. Lynch, 70 N. Y. 450; Huling v. Chester, 19 Mo. App. 607; King v. Wight, 155 Mass. 444, 29 N. E. 644; Jordan v. Kraft, 33 Neb. 844, 51 N. W. 286; Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409; Conduitt v. Ross, 102 Ind. 166, 26 N. E. 198; Savage v. Mason, 3 Cush., 500; First Nat. Bank v. Bank, 61 Minn. 25, 63 N.

W. 264; Winter v. Reynolds, 24 La. Ann. 113; Pendleton v. Fosdick, 6 Ohio Dec. 795; Sharp v. Cheatham, 88 Mo. 498; Garmire v. Willy, 36 Neb. 340, 54 N. W. 562.

We are clearly of the opinion that the trial court was right in rendering judgment in favor of the defendant; and the judgment so entered, and order denying a new trial, are affirmed.