## McDonald v. Penniston.

1. PRACTICE: *Appearance to summons in error.* An attorney of record in a cause in the District Court, may, when the cause is removed into the Supreme Court, enter therein the voluntary appearance of his clients, without the issue or service of summons in error.

2. ——: *Records in Supreme Court.* Transcripts of records of proceedings had in the District Court, when filed in the Supreme Court for the purpose of reviewing the action appearing thereby, must show when and where the court was held, its term, and the names of the judge and other officers present, and be duly authenticated by its clerk.

This was a motion to dismiss the petition in error. The facts fully appear in the opinion.

*J. M. Woolworth,* for the motion.

No counsel appeared to oppose.

MASON, Ch. J.

This action is brought into this court by filing a petition in error and the defendant entering a voluntary appearance to the action. The petition in error was filed May 28, A. D. 1870, and is indorsed as follows :

" We hereby waive the issuance and service of summons herein, and we hereby enter our appearance to this proceeding in error in the Supreme Court.   Dated April 20, 1870.

*Penniston & Miller,* by *B. J. Hinman,* attorney for defendant in error."

The defendant in error now moves to dismiss this proceeding for the following reasons :

1. That no transcript of the record of the District Court is filed in this case.

2. No service of summons in error has been made.

3. The said transcript is not in form prescribed by the rules of court.

McDonald *v.* Penniston.

It was not necessary to issue or serve a summons, the defendants, by their attorney of record in the court below, having entered a voluntary appearance. Section 584 of the Code provides, that service of summons on the attorney of record in the original case, shall be sufficient in cases of error. If the service might be legally made upon him, we think he might waive the issuance and service of summons for his clients, which he did in this case.

Section 486 requires that the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified.

There is no such transcript filed with this petition in error. Copies of what seem to be the original files in the case below are attached to the petition in error. And there is no authenticated transcript of the record containing the final order or judgment sought to be reversed. There is a paper attached to the petition in error which, after reciting the title of the cause, etc., reads as follows : .

"And now comes the plaintiff, by B. J. Hinman, his attorney, and makes proof that defendant was personally and duly served with a summons in said action, in which defendant was required to answer on the eleventh day of April, 1870, and the defendant having failed to appear and answer or demur to the petition of plaintiff in said action, wherein is claimed four hundred and sixty-eight dollars and twenty cents, the court finds that the plaintiff ought to recover of the said defendant the sum of four hundred and forty-eight dollars ; it is therefore considered by the court that the said plaintiff recover of the defendant the said sum of four hundred and forty-eight dollars, and also his costs expended, taxed at seventeen dollars."

This is all that purports to be a record of any judgment, and it cannot be determined from this paper or any others attached to this petition in error, in what State or what

McDonald *v.* Penniston.

court, or when or where any of the things set out therein were had or done. The record should state facts sufficient to show when and where the court was held, the term, the name of the judge or judges and officers present, so the court above may know, from the facts set out, that the proceeding was had before a proper court. This is not done.

A record is the history of a cause from its commencement, the issuing of the original writ or filing the precipe, until final judgment is entered. Section 446 of the Civil Code defines how the record shall be made up in the following words : "The records shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." Section 444 requires the clerk to make a complete record of every cause as soon as it is finally determined, unless such record, or some part thereof, be duly waived, and section 443 reads as follows : "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted." The journal is one book and the record book is another. The statute requires the journal of the court to be kept, and an entry there is all that is indispensable to make an act of the court effectual. The entries in the journal are not any part of the complete record of the case.—1 *Ohio*, 268. The book is one of the records of the court containing a part of the necessary materials to make the complete record ; when all is done to authorize the recording officer to record it, it is in law considered as recorded, although the labor of writing it in a book kept for that purpose has not been performed.—4 *Ohio*, 79 ; *Young* v. *Buckingham*, 485, 488 ; 18 *Ohio*, 535, 545.

There is no transcript attached to the petition in error, as by law required, and for this reason the motion to dismiss should be sustained.

Motion sustained.