## Orr v. Orr.

PRACTICE: *Transcript.* A transcript of the record of the proceedings of the District Court filed in this Court must show upon its face when, where, and before what court, the proceedings were had, so as to make it appear that they were before a court known to the law, held at a time and place authorized by law, and were *coram judice.*

MASON, Ch. J.

This cause is submitted on the motion of Lotta A. Orr to strike the papers filed herein from the files, for the reason that no transcript of the record of the District Court has been filed in this Court.

Sect. 777 of the Code, under which this appeal was taken, reads as follows: " The appellant or appellants shall, within six months from and after the date of the filing in the register's office a notice of his appeal, procure from said register, and file in the office of the clerk of the Supreme Court of this State (Territory), a certified transcript of the proceedings had in the cause in the District Court, containing the pleadings and decree rendered, or final order made therein, and all the dispositions of record offered in evidence, and all other evidence of record offered on the hearing of the cause, and have the cause properly docketed in the said Supreme Court; and, on failure thereof, the decree rendered or final order made in the District Court shall stand, and be proceeded in as if no appeal had been taken." The voluminous papers filed in this Court do not purport to be a certified transcript of the proceedings had in this cause in the District Court. No reference is made to any court, nor does it appear that the proceedings were had before any court begun and held at any place by any judge

ORR *v.* ORR.

or other officers. It cannot be told, from the papers and what purports to be a transcript, that any proceedings have been had before any court or tribunal known to the laws of this State. The statute directs what shall compose the transcript brought to the Supreme Court on appeal. The parties may bring less if they agree, but cannot require the Court to act upon it; nor will it do so upon less than is necessary to enable it to determine whether there was available error in the proceedings of the Court below. It is incumbent on the appellant to bring to the Supreme . Court a perfect record of the judgment and proceedings of the Court below on which errors are assigned. This is not done in this case. These papers do not purport to be the proceeding of any court: it is not pretended that the transcript of the record of the proceedings in any court is set forth in what purports to be the record in this cause. The record should show when and where, and before what court, the proceedings set out in the record took place, in order that it may be seen that they were before a court known to the law, and at a time and place authorized by law, so that it may appear from the record that the proceedings are *coram judice*. For the reason here expressed, the motion to strike the papers filed herein from the files of this Court should be sustained; and it is so ordered. See *Watt.* v. *Alvord*, 27 *Ind.*, 498; *Collin et al.* v. *United-States Express Company et al.*, 27 *Indiana*, 11.

Motion sustained.

*J. M. Woolworth*, for motion.

*A. J. Poppleton*, contra.