ALVIN GALLEY AND OTHERS, PLAINTIFFS IN ERROR, v. M. L. KNAPP AND F. H. PARKER, DEFENDANTS IN ERROR.

1. **Practice in Supreme Court.** Every case submitted to this court for review should contain a transcript of the pleadings constituting the issue tried in the district court, otherwise the judgment of the court below will be affirmed.

2. **Trial:** ANSWER OF WITNESSES: OBJECTION. When upon a trial a question is put to a witness and answered, although the question or answer, or both, may be afterwards objected to by the opposite party, and the objection sustained by the court, unless such answer be suppressed or withdrawn from the jury by the court, by order or instruction, such answer may be considered by the jury, and, after verdict, will be presumed to have been properly considered by them.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*H. W. Short,* for plaintiff in error.

*D. W. Barker,* for defendant in error.

COBB, J.

This case was submitted to the court without either printed briefs or oral arguments. Upon examination of the record we find no pleadings.

The errors assigned, other than those which are merely formal, are,

1st.   The court erred in ruling out the evidence of F. A. Long, and

2d.   The court erred in ruling out the evidence of William C. Overton.

The record containing no pleadings, this court is entirely without knowledge or information as to the issue, to prove which those witnesses were called, therefore can only pre-

sume that the action of the trial court in the matter complained of was correct; but upon turning to the bill of exceptions it appears that the objection to the questions asked by the defendants in error of these witnesses was in each case made after they had fully answered. Although the objections seem to have been sustained by the court, yet no motion was made to suppress or exclude the answers from the jury, and as the record contains no instructions by the court to the jury, it must be presumed that the evidence, being before the jury, was fairly considered by them.

So far as can be ascertained from an examination of the bill of exceptions, the question before the jury was whether the date of the note was altered from the 28th to the 30th, after or before its signing by the defendants in the court below. On that point there was a sharp conflict of testimony, so that it cannot be said that the verdict is unsustained by the evidence.

For the above reasons the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.