JACOB MUSHRUSH, PLAINTIFF IN ERROR, V. CLEVELAND DEVEREAUX, DEFENDANT IN ERROR.

**Jurisdiction of County Judge and Justices of Peace.** Under the provisions of the constitution and the statute enacted pursuant thereto, county judges and justices of the peace have jurisdiction of actions, within the stated limits as to amount, for money had and received, brought to recover back a deposit, or money paid upon an agreement for the purchase and sale of land, where the defendant omits or refuses to perform his agreement to convey the same.

ERROR to the district court for Hall county. Tried below before NORVAL, J.

*Thummel & Platt*, for plaintiff in error.

*H. B. Wilson*, for defendant in error.

COBB, J.

This action was brought before the county judge of Hall county to recover back the sum of forty-two dollars, paid

on a verbal contract for the purchase and sale of a certain parcel of real property.

The brief of defendant in error contains a statement to the effect that the above named sum, which was paid on the purchase, bears such relation to the entire sum or price which was to have been finally paid for the farm, as to bring the case within the authority of *Poland v. O'Connor*, 1 Neb., 50. I must assume this to be true, as forty-two dollars is, certainly, but a small portion of the value of an average farm in this state, and nowhere in the record or brief of either counsel are we informed what the price agreed upon was, or really that any price was agreed upon.

In the second clause of the syllabus of the case above cited, the court say: "Payment of a small portion of the purchase price is not such part performance as takes the contract out of the statute of frauds." The contract, then, was void, and could be neither plead or proved in any court. However, I do not consider it important whether the contract between the plaintiff and defendant for the purchase and sale of the farm was a legal and binding contract or not. The plaintiff's right to recover depends solely upon the payment of the money by him and the refusal by the defendant to convey the land.

Plaintiff in error in his brief contends, "that inasmuch as the pleadings show upon their face that this was an action to recover money on a contract for the sale of real estate, the county judge had no jurisdiction of the subject matter," and he cites sections 16 and 18 of article VI. (the judiciary article) of the constitution.

Sec. 16 relates to county courts, and after providing for their jurisdiction generally, and that they shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment, or a fine of over five hundred dollars, it proceeds, "nor in actions in which title to real estate is sought to be recovered or may be drawn in question, nor in actions on mortgages or contracts for the conveyance of real estate," etc.

Sec. 18 relates to the jurisdiction of justices of the peace and police magistrates, and after limiting their jurisdiction in certain respects, by the use of negative words, continues, "nor in any matter wherein the title or boundaries of land may be in dispute."

This was not an action in which the title to real estate was sought to be recovered, nor was it one in which such title was or could have been drawn in question. Neither was it brought on a mortgage nor a contract for the conveyance of real estate. I may add, also, that it was not a matter wherein the title or boundary of land was or might be in dispute.

It was an action for money had and received, hence the petition need not state the terms of the contract for the sale of the land, but only the payment of the money by the plaintiff to the defendant on the contract, which the defendant refused to perform. This, I think, is all that is necessary under the code. All that was required at common law in such a case, as stated by Chitty, was, "that the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant, to and for the use of the plaintiff." 1 Chit. Plead. 11 Am. Ed., 363.

"This action," says Chitty, "is frequently brought to recover back a deposit or money paid upon an agreement which the defendant omits or refuses to perform. As a general rule, it lies to recover a deposit paid on the purchase of an estate, if the title be defective, or the vendor be not prepared to show his title on the day fixed for that purpose between the parties by their agreement," etc. Ibd. 367. See note n, and authorities there cited.

The plaintiff's cause of action, therefore, depending not upon the defendant's want of title, but upon his refusal or failure to comply with the terms of his contract, upon which the advance payment was made, the county judge was not ousted of jurisdiction to try the action by reason

of the constitutional provisions cited, or the provisions of the statute enacted in pursuance thereof.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.