McClure v. Campbell.

.H. L. McCLURE, PLAINTIFF IN ERROR, v. NATHAN
       CAMPBELL, DEFENDANT IN ERROR.

1.  **Appeal:** JURISDICTION. Where a cause is tried before a jus-
    tice of the peace, and on appeal in the district court without
    objection to the jurisdiction of the court, and the want of juris-
    diction does not appear on the face of the papers, the objection
    will not be considered in the supreme court.

2.  **Vendor and Vendee:** TAXES. A vendor who sells real es-
    tate after the first day of April of any year, in the absence of a
    contract to the contrary, is, under the statute, liable for the taxes
    on such real estate for that year.

3.  **Taxes:** LIEN. Taxes become a lien upon real estate on and
    after the first day of April in each year, and a party who executes
    a conveyance with a covenant against incumbrances, in effect as-
    sumes the payment of taxes on the land sold for that year, and
    parol evidence of a contract made with the vendee before the
    making of the deed to pay such taxes, is not admissible to vary
    the terms of the covenant.

4.  **Evidence:** SECONDARY EVIDENCE. Proof of the contents of
    certain letters is not admissible without showing a loss or de-
    struction of such letters.

ERROR to the district court for Buffalo county. Tried
below before HAMER, J.

*Marston & Nevius,* for plaintiff in error, cited: *Long v.
Moler,* 5 Ohio State Rep., 272. *Almy v. Hunt,* 48 Ill.,
45. *Ingalls v. Cook,* 21 Iowa, 560. *Rundell v. Lakey,*
40 N. Y., 517. *Chapman v. Kimball,* 7 Neb., 399.

*Calkins & Pratt,* for defendant in error, cited: Boone on
Real Property, 291. *Rhine v. Ellen,* 36 Cal., 362. 1
Greenleaf on Evidence, 284. Stephen Dig., Art. 90,
Chap. 12.

MAXWELL, J.

This is an action by a vendee against the vendor to re-
cover certain taxes paid by said vendee upon land pur-

chased by him from the vendor. On the trial of the cause in the court below, judgment was entered in favor of the vendor. There is a stipulation in the record that the action was originally brought before a justice of the peace, and appealed to the district court. The form of the action before the justice, however, does not appear, and the fact does not seem material in the case.

The object of this action is to recover the amount of taxes paid by the vendee, and for which the vendor was legally liable. A justice had jurisdiction in an action for money paid for the use of another at his request, and this is sufficient under the issue to sustain the jurisdiction. The defendant claims that the action is one for a breach of covenant against incumbrances, and that, therefore, the justice had no jurisdiction, and consequently the appellate court acquired none. This objection was made for the first time in this court. The case, so far as appears, was tried upon the merits before the justice, and also in the district court, no objection being made in either to the jurisdiction. The question, therefore, does not arise as to whether or not a justice of the peace has jurisdiction in an action to recover for money paid from a breach of a covenant against incumbrances. In such case, where it does not appear on the face of the proceedings that the court in which the action was brought was without jurisdiction, the jurisdiction will be presumed and sustained.

2d. There is but little conflict in the testimony, and that upon an immaterial point, which will be noticed hereafter. In July, 1882, the defendant and wife executed a deed for certain real estate in Jefferson county, and delivered the deed to the plaintiff. This deed contains covenants of seizin, lawful possession, against incumbrances, and of general warranty. In May, 1883, the plaintiff paid the taxes due on said land, and brought this action to recover the same. The defendant admits making the deed with the covenants above described, admits the amount of

taxes due and paid by the plaintiff, but alleges an oral agreement made with the plaintiff in February, 1882, for the purchase of said land, and that the plaintiff then assumed the taxes of 1882. This is denied by the plaintiff.

Section 138 of the revenue law, Compiled Stat., Ch. 77, provides: "That the taxes assessed on real property shall be a lien thereon from and including the first day of April in the year in which they are levied, until the same are paid."

Sec. 44 provides, "That the owner of property on the first day of April in any year shall be liable for the taxes of that year. The purchaser of property on the first day of April shall be considered as the owner on that day."

The defendant, therefore, would be liable for the taxes for the year 1882, independently of the covenants in his deed, unless there was an agreement on the part of the plaintiff to pay them, but a parol agreement on the part of the plaintiff, even if established, could not be used to contradict the covenant in the deed. What the effect might be in an action to reform the deed is not now before the court. Taxes upon real estate date from the first day of April of each year, and become an encumbrance upon the land from that time. A party, therefore, who desires to except the taxes from his covenant against incumbrances should do so in writing in the deed. It is very clear that parol evidence of what took place before the making of the deed is not admissible to contradict the covenants therein.

3d. The court permitted the contents of certain letters to be given, without proof of the loss of the originals. This was clearly erroneous. It is evident that the judgment should have been in favor of the plaintiff and against the defendant.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.