MARY P. MOORE, APPELLANT, V. OBED WATERMAN ET AL., APPELLEES.

FILED MAY 2, 1894. No. 5425.

1. **Appeal:** RECORD FOR REVIEW: TRANSCRIPT: AUTHENTICA- TION. In order to effect an appeal to this court from a judgment of the district court it is necessary to file with the clerk of this court, within six months from the rendition of the judgment, a transcript of the proceedings, authenticated by the certificate of the clerk of the district court. Such requirement is jurisdictional and cannot be waived by the parties, and the filing of the original pleadings in the district court does not take the place of such certified transcript.

2. **Review:** IMPERFECT TRANSCRIPT: AFFIRMANCE. Where a transcript of the judgment is the only paper filed here authenticated by the certificate of the clerk of the district court, and such judgment was one within the jurisdiction of the district court to render, the judgment will·be affirmed.

APPEAL from the district court of Dixon county. Heard below before NORRIS, J.

*Barnes & Tyler,* for appellant.

*Davis, Gantt & Briggs, contra.*

IRVINE, C.

This case is not presented to us in a condition permitting us to examine it upon its merits. The record filed in. this court consists of (1) certain documents having the appearance of the original pleadings in the case in the district court; (2) what appears to be a stipulation in the district court submitting the case on certain admissions of fact and certain written evidence; (3) a mass of documents which appear to be original depositions in the district court; (4) a paper duly certified by the clerk under the seal of the court to be a true and correct transcript of the judgment; (5) a

stipulation by counsel, "that the above and foregoing pleadings and record and the evidence upon which this case was tried are all of the pleadings, record, and evidence on which the said trial was had;" that the judge "sign, settle, and allow the same as the record, pleadings, and bill of exceptions herewith, and the same being the original pleadings and record and original evidence used in the district court may be used in the trial hereof on appeal in the supreme court without certificate of the clerk of the district court;" (6) a certificate purporting to be signed by the judge, but without any clerk's certificate, as follows: "I do hereby allow and settle the above and foregoing as the record and bill of exceptions herein, the same being the original record, pleadings, and all of the evidence used and introduced in the trial of this case."

Section 675 of the Code of Civil Procedure provides the manner of taking an appeal to this court from a judgment of the district court. In order to effect such an appeal "the party appealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment or decree rendered or final order made therein; * * * and on failure thereof the judgment or decree rendered or the final order made in the district court shall stand and be proceeded in as if no appeal had been taken." Jurisdiction of an appeal in this court, therefore, depends upon the filing of such a transcript. The original papers used in the district court are not a transcript. A transcript is a copy, and must be authenticated by the certificate of the clerk, and it is only that which gives authenticity to a transcript filed. It is true that the original bill of exceptions as settled by the district judge may be sent to this court in lieu of a transcript thereof, but that is because an

act of the legislature of 1885. (Code of Civil Procedure, secs. 587a, 587b) authorizes in that case the original documents to be sent up, and even then by the same statute the certificate of the clerk is necessary to authenticate the original. The law does not contemplate that the records of the district court should be removed in such a manner, and the consent of the parties is insufficient to cure the defect. The filing of a transcript authenticated by the clerk is jurisdictional. Surely it would not be contended that an appeal from a justice of the peace to the district court could be effected by the parties getting possession of the justice's docket and by stipulation filing his docket in the district court instead of a certified transcript of the entries thereon. This case stands in no better light. Neither the parties to it nor their attorneys had any right to take the original papers from the records of the district court, and the fact that they took them and filed them in this court did not supply the place of a certified transcript and conferred no jurisdiction here. These views are supported by the following authorities: *McDonald v. Penniston*, 1 Neb., 324; *Orr v. Orr*, 2 Neb., 170; *Haggerty v. Walker*, 21 Neb., 596; *Hoagland v. Van Etten*, 23 Neb., 462. In addition to these cases in this court which clearly settle the principle, the case of *Cox v. Macy*, 76 Ia., 316, is entirely in point. The proper order would be for a dismissal of the appeal were it not that a single paper, a judgment for the defendant, is on file bearing the clerk's certificate. The judgment being certified without any pleadings, there should here be a judgment of affirmance. (*Galley v. Knapp*, 14 Neb., 262.)

JUDGMENT AFFIRMED.