NATHAN CAMPBELL v. H. L. McCLURE.

FILED JUNE 21, 1895.    No. 6134.

1. **Covenant Against Incumbrances:** ACTION FOR BREACH:
   JURISDICTION OF JUSTICE OF THE PEACE.  In July, 1882, one
   Campbell sold and conveyed to one McClure certain real estate
   by general warranty deed.  The deed contained a covenant that
   the real estate conveyed was free of incumbrances.  At the time
   of the conveyance taxes had been assessed against the real estate
   for the year, but such taxes were not then due.  Campbell neg-
   lected to pay these taxes after their maturity and McClure, to
   prevent the sale of the real estate, paid the taxes and sued Camp-
   bell before a justice of the peace to recover the amount so paid.
   *Held*, (1) That the covenant against incumbrances was a personal
   obligation, did not run with the land, and was broken at the

time the conveyance was made (*Chapman v. Kimball*, 7 Neb., 399, followed); (2) that the suit was not an action on a contract for real estate within the meaning of section 907 of the Code of Civil Procedure, nor was the action one in which the title to real estate was sought to be recovered or could be drawn in question; and that a justice of the peace had jurisdiction of the case.

2. TAXES: LIABILITY OF VENDOR FOR PAYMENT.  A vendor who sells real estate after the first day of April in any year, in the absence of a contract to the contrary, is, under the statute, liable for the taxes on such real estate for that year. (*McClure v. Campbell*, 25 Neb., 57.)

ERROR from the district court of Buffalo county.    Tried below before HOLCOMB, J.

*Calkins & Pratt*, for plaintiff in error, cited : *Jones v. Gardner*, 10 Johns. [N. Y.], 266 ; *Van Dyke v. Rule*, 31 N. E. Rep. [O.], 882 ; 3 Washburn, Real Property [5th ed.], 479.

*Marston & Nevius*, contra, cited : *Brackett v. Evans*, 1 Cush. [Mass.], 79 ; *Sargent v. Currier*, 6 Am. Rep. [N. H.], 524; *Ticonic Bank v. Smiley*, 27 Me., 225; *Mushrush v. Devereaux*, 20 Neb., 50; *Nesbit v. Campbell*, 5 Neb., 433 ; *Chapman v. Kimball*, 7 Neb., 399.

RAGAN, C.

This action was brought by H. L. McClure against Nathan Campbell before a justice of the peace in Buffalo county.    The case was afterwards tried on appeal in the district court of said county, where McClure had a verdict and judgment, to reverse which Campbell prosecutes to this court a petition in error.    The case was before this court once before. (See *McClure v. Campbell*, 25 Neb., 57.)

On the 29th of July, 1882, Campbell sold and conveyed to McClure certain real estate by a general warranty deed. This deed contained a covenant that the real estate conveyed was free and clear of all incumbrances.    At that

43

time taxes had been assessed against said real estate for said year, amounting to $51.46. These taxes were not due, however, until the first day of the following October. Campbell neglected and refused to pay these taxes after their maturity, and McClure was compelled to advance and pay the same to prevent the real estate from being sold. The object of this action was to recover back the taxes paid. The only question made by the district court, and the only one argued here, is that the justice of the peace before whom the action was originally brought had no jurisdiction of the case, because a covenant against incumbrances is a real covenant running with the land, and, therefore, necessarily draws in question the title to real estate. Section 44, chapter 77, Compiled Statutes, 1893, provides: "The owner of property on the first day of April in any year, shall be liable for the taxes of that year." "A vendor who sells real estate after the first day of April of any year, in the absence of a contract to the contrary, is, under the statute, liable for the taxes on such real estate for that year." (*McClure v. Campbell*, 25 Neb., 57.) Section 18 of article 6 of the constitution provides that justices of the peace shall "have and exercise such jurisdiction as may be provided by law; *Provided*, That no justice of the peace shall have jurisdiction of any civil case where the amount in controversy shall exceed two hundred dollars; nor in a criminal case where the punishment may exceed three months imprisonment, or a fine of over one hundred dollars; nor in any matter wherein the title or boundaries of land may be in dispute." Section 1103 of the Code of Civil Procedure provides: "Justices of the peace shall have jurisdiction in all cases where the sum in question does not exceed two hundred dollars except in cases limited in this title." The limitations alluded to above are found in section 907 of the Code of Civil Procedure, which provides that justices shall not have jurisdiction: "First—To recover damages for an assault, or

assault and battery.    Second—In any action for malicious-
prosecution.    Third—In actions against justices of the peace
or other officers for misconduct in office, except in the cases
provided for in this title.    Fourth—In actions for slander,.
verbal or written.    Fifth—In actions on contracts for real
estate.    Sixth—In actions in which the title to real estate
is sought to be recovered, or may be drawn in question, ex-
cept actions for trespass on real estate, which are provided
for in this title."    It will thus be seen that unless this.
action is one on a contract for real estate, or is an action in
which the title to real estate is sought to be recovered, or
may be drawn in question, that neither the constitution
nor the statute has denied to a justice of the peace jurisdic-
tion of the case.    Of course it is not an action on a con-
tract for real estate within the meaning of section 907 of
the Code of Civil Procedure.

In *Mushrush v. Devereaux*, 20 Neb., 49, it was held that
a justice of the peace had jurisdiction of an action to re-
cover back money paid upon an agreement for the purchase
and sale of land where the defendant had refused to per-
form his agreement to convey.    Nor is it an action in which
the title to real estate is sought to be recovered, nor are we
able to comprehend how the title to this real estate may be
drawn in question in this action.    The covenant against
taxes or incumbrances was broken at the time it was made,.
as the taxes assessed against this real estate in the year 1882.
were a lien thereon from the 1st day of April of that year..
(Sec. 138, ch. 77, Compiled Statutes, 1893.)

In *Chapman v. Kimball*, 7 Neb., 399, the court held that:
where a covenant against incumbrances is broken at the·
time of the conveyance it does not run with the land.    The·
obligation is merely personal, and is limited to the par-·
ties to the covenant, and confers no right of action on sub-
sequent purchasers of the estate.    In this case MAXWELL,.
C. J., speaking for the court, said: "The covenant against.
incumbrances is in the present tense, 'that said premises are·

free from incumbrance.' If the taxes in question actually existed as a lien against the land in question, at the time of the conveyance, the covenant was broken at that time, and a cause of action at once accrued in favor of the covenantee for his damages." The justice of the peace in this case had jurisdiction of the action. The judgment of the district court is right and is

AFFIRMED.