MARY McDONALD, APPELLANT, V. JOHN GRABOW ET AL., APPELLEES.

FILED NOVEMBER 19, 1895.   No. 5765.

Appeal: TRANSCRIPT: AUTHENTICATION. In order to effect an appeal from the district to the supreme court, it is necessary to file with the clerk of this court, within the time prescribed by statute, a transcript of the proceedings, authenticated by the certificate of the clerk of the district court. Such requirement is jurisdictional, and the stipulation of the parties or their at-

torneys stating that the transcript contains all the proceedings will not supply the omission of the certificate of the clerk of the trial court.

APPEAL from the district court of Sarpy county.   Heard below before SCOTT, J.

*J. J. O'Connor,* for appellant.

*George A. Magney, contra.*

NORVAL, C. J.

The appeal in this case must be dismissed because no transcript of the proceedings, authenticated by the certificate of the clerk of the district court, has ever been filed in this court.   In the record is a stipulation signed by the parties to the effect that the transcript contains all the proceedings in the case, but this does not meet the requirements of the statute relating to appeals to the supreme court, Code, section 675, which declares: "The party appealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment, or decree," etc.   The stipulation of the parties does not take the place of the certificate of the clerk of the district court.   The requirement of the statute, regarding the authentication of the transcript by the clerk of the district court, is mandatory. (*Moore v. Waterman,* 40 Neb., 498, and cases there cited.) For the reason stated, the appeal cannot be entertained and it is accordingly dismissed.

APPEAL DISMISSED.