UNION PACIFIC RAILWAY COMPANY v. ANNA YOUNG.

FILED JUNE 16, 1897. No. 7401.

Transcript for Review: DISMISSAL. A petition in error will be dismissed unless the transcript contains a copy of the judgment or final order sought to be reviewed, authenticated by the certificate of the clerk of the trial court.

ERROR from the district court of Kimball county. Tried below before NEVILLE, J. *Proceeding in error dismissed.*

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error.

*Fred'k Shepherd, contra.*

NORVAL, J.

Action by Anna Young against the Union Pacific Railway Company to recover damages for the death of plaintiff's mule, alleged to have been killed by one of defendant's engines at a place on its road where it ought to have been, but was not, fenced. Forty-one errors are assigned, but none of them can be considered, for the reason we have no jurisdiction of the cause, as we will now show. Attached to the transcript is the following certificate of the clerk of the trial court:

"STATE OF NEBRASKA,  } ss.
  KIMBALL COUNTY,  }

"I, S. Wooldridge, clerk of the district court of Kimball county, do hereby certify that the foregoing is the original bill of exceptions in said cause, and also a true and perfect transcript of the petition, answer, reply, and instructions given and refused in said action as the same are on file and of record in my office.

"Dated November 29, 1894.

    "[SEAL.]            S. WOOLDRIDGE,
                          "*Clerk of District Court,*
                          "By F. BELLOWS, *Deputy.*"

The foregoing is the only authentication of the transcript, and this certificate does not in any manner refer to or mention the journal entries, or even the final judgment in the cause, if one was ever rendered.   The duly authenticated transcript of the trial court will alone be recognized by the supreme court as to all matters which are properly of record in the district court.   (*Hoagland v. Van Etten*, 23 Neb., 462.)   A transcript of the judgment or final order sought to be reviewed authenticated by the certificate of the clerk of the district court is essential to confer jurisdiction upon the appellate court.   (*Moore v. Waterman*, 40 Neb., 498; *McDonald v. Grabow*, 46 Neb., 406; *Otis v. Butters*, 46 Neb., 492; *Romberg v. Fokken*, 47 Neb., 198.)   It is true at one time plaintiff in error presented a motion for leave to withdraw the record for the purpose of having the same further authenticated by showing that the petition for a new trial contained in the transcript was a true copy of the one presented to, and ruled upon in, the court below.   The cause was submitted generally without this motion being acted upon, and hence must be regarded as waived or withdrawn from consideration.   Had the motion been sustained it would not have availed plaintiff in error to the extent of curing the omission of the certificate copied above, since, in the motion to withdraw, no complaint was made that the certificate of the clerk did not cover the journal entries.   The petition in error is

DISMISSED.