CHARLES S. HESSER V. SYLVESTER JOHNSON.

FILED DECEMBER 8, 1898.   No. 8512.

</div>

57   155
s61   634

1. **Error Proceedings: Time Jurisdiction Attaches: Procedure.** The jurisdiction of this court in proceedings in error attaches upon the filing of a petition in error and transcript of the judgment, within the statutory time, and the issuing and service of process.   If the transcript be so incomplete as not to affirmatively disclose error, the proper order is affirmance, and not dismissal.

2. **Jurisdiction: Dismissal: Review.** When it clearly appears from the record that a case was dismissed for want of jurisdiction, that question will be examined, notwithstanding the record would on the merits sustain a general finding for defendant.

3. ———: **County Court: Breach of Covenant.** A county court has jurisdiction, within the statutory limit of amount, in actions to recover damages for breach of covenant against incumbrances. *Campbell v. McClure*, 45 Neb. 608, followed.

4. ———: ———: ———.   The fact that the land is situated in a state where such covenant runs with the land does not affect the question of jurisdiction, although the nature of the covenant is controlled by the *lex loci rei sitæ*.

ERROR from the district court of York county.   Tried below before BATES, J.   *Reversed.*

*Harlan & Taylor*, for plaintiff in error.

*T. E. Bennett* and *George B. France, contra.*

Irvine, C.

Hesser sued Johnson in the county court of York county on a covenant against incumbrances, a lien for taxes being alleged as a breach. The land conveyed was in Colorado. The plaintiff had judgment in the county court, but in the district court there was a dismissal. The petition in error of plaintiff raises the question of the propriety of the ruling of the district court holding that the county court had been without jurisdiction to entertain the action, and that consequently the district court obtained no jurisdiction by appeal. The transcript of the plaintiff in error is attacked, and a dismissal of the proceedings in error is sought on the ground that the transcript filed is so imperfect as not to properly disclose the proceedings below. It is not claimed that the transcript is incorrect, but that it is incomplete. That is no ground for dismissal, provided there is a duly authenticated transcript of the judgment. In such case jurisdiction attaches, and the proper order is an affirmance on the merits, unless enough of the record is brought up to affirmatively disclose error. (*Galley v. Knapp*, 14 Neb. 262; *Moore v. Waterman*, 40 Neb. 498; *Stull v. Cass County*, 51 Neb. 760; *Moss v. Robertson*, 56 Neb. 774.) The defendant in error has brought up an additional transcript containing those matters which it is asserted the plaintiff in error improperly omitted.

It is objected that in order to show that the judgment below went on the ground of want of jurisdiction it is necessary to appeal to special findings, and that these were not entered until long after a judgment on a general finding for defendant. It is further claimed that if the special findings, which were, on the merits, on the whole favorable to the plaintiff, be disregarded, the evidence supports the previous general finding for the defendant. The answer to this is that the judgment is expressly one of dismissal without prejudice, which could not be entered without error except on the issue

as to jurisdiction.  As to the remainder of the argument, it is clear that if the defendant improperly prevailed on the question of jurisdiction, the judgment of dismissal without prejudice was nevertheless erroneous, because it precluded the plaintiff from a trial of the merits. The question of jurisdiction stands *in limine*, and must be met before we can properly consider the merits.  The theory of the defendant was that the land being situate in Colorado, the law of that state must govern as to the nature of the covenant sued on; that by that law such a covenant runs with the land; that therefore the action brought in question the title to real estate and was beyond the jurisdiction of the county court.  That theory is supported, under jurisdictional provisions similar to our own, by *Foote v. Burnet*, 10 O. 333.  We cannot, however, with due regard to our own decisions, follow that case.  The constitution, article 6, section 16, denies jurisdiction to county courts "in actions in which title to real estate is sought to be recovered, or may be drawn in question."  The statute fixing the jurisdiction of such courts withholds it "in any matter in which the title or boundaries of land may be in dispute."  (Compiled Statutes, ch. 20, sec. 2.)  In *Mushrush v. Devereaux*, 20 Neb. 49, it was held that county courts and justices of the peace have jurisdiction, within the limits of amount, in actions to recover back a deposit, or money paid upon an agreement for the sale of land, where the defendant fails to perform his agreement to convey the same. *Campbell v. McClure*, 45 Neb. 608, is undistinguishable from the present case, except from the fact that the land there conveyed was in this state, and the covenant was personal only.  It was held that a justice of the peace had jurisdiction, and that the action did not draw in question the title.  The distinction here urged does not affect the question.  The cases cited show that the language of the constitution does not exclude jurisdiction merely because to settle personal rights it becomes necessary to inquire into some fact concerning the title

to land. The only difference between a personal cove-
nant and one running with the land is that the latter
inures to the benefit of subsequent holders, by virtue
of their succession to the title. In either case the remedy
is a personal one; it does not affect the title. In either
case, if the covenant be against incumbrances, it is neces-
sary to ascertain whether an incumbrance exists, and
so to inquire into the state of the title; but this no more
in one case than in the other. *Riley v. Burroughs,* 41 Neb.
296, relied on by defendant in error, merely holds that
as to the nature of such covenants the *lex loci rei sitæ*
controls. It does not reach the question here presented,
beyond establishing that premise of the argument.

<div align="right">REVERSED AND REMANDED.</div>