MICHAEL T. BOHMAN, APPELLANT, V. CHARLES H. CHASE ET AL., APPELLEES.

FILED JUNE 21, 1899. No. 8954.

Transcript for Review. In an appeal to this court the certified transcript must include the judgment or decree of the trial court.

APPEAL from the district court of Colfax county. Heard below before MARSHALL, J. *Dismissed.*

*George R. Doughly* and *George H. Thomas,* for appellant.

*C. J. Phelps, contra.*

HARRISON, C. J.

The record filed in this court in this action has attached a certificate of the clerk of the trial court to the effect that it contains copies of "all the pleadings" in the cause. There is no certified judgment or decree. This being true, it is not presented here in such a condition as will admit of an examination of the correctness of the decision in the district court. Section 675 of the Code of Civil Procedure reads as follows: "That in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court to the supreme court of the state; the party appealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court a cer-

Sloan v. Thomas Mfg. Co.

tified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment, or decree rendered or final order made therein, and all the depositions, testimony, and proofs offered in evidence on the hearing of the cause, and have the said cause properly docketed in the supreme court; and on failing thereof, the judgment or decree rendered or final order made in the district court shall stand and be proceeded in as if no appeal had been taken." This requires that there shall be embodied in a transcript in an appeal to this court the judgment or decree of the trial court, and the certificate to the transcript must generally or in terms embrace the judgment or decree. (*Moore v. Waterman*, 40 Neb. 498; *Bell v. Beller*, 40 Neb. 501; *McDonald v. Grabow*, 46 Neb. 406.) The appeal must be dismissed.

APPEAL DISMISSED.