Louisa J. Rudd v. A. B. Dunlap.

(Filed September 5, 1905.)

REAL ESTATE—Taxes—Grantor and Grantee. Under the statutes of this territory, lands or town lots are assessed to the owner thereof at their actual cash value on the first day of January of each year, and the owner on that day is liable for the tax of that year, and a grantor who sells real estate after that date, in the absence of an agreement to the contrary, is liable for the taxes on said real estate for said year.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

*J. G. Woods,* for plaintiff in error.

*B. B. Blakeney* and *L. G. Pitman,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was heard and disposed of in the court below upon an agreed case under sections 4419, 4420 and 4421 of the code. The question submitted is as to whether the plaintiff in error or the defendant in error should, under the agreed facts and the law, pay the taxes for the year 1898 upon property sold. By the agreed case it appears that plaintiff in error Louisa J. Rudd in June, 1898, sold to the defendant in error A. B. Dunlap certain real estate situated in Pottawatomie county, and executed to him a deed of general warranty. This deed by express terms, covenanted against taxes. The deed was executed and delivered June 20, 1898. At that time the assessment for 1898 had been made and the city levy had also been made, but the lev-

ies for county and territorial purposes, which are made in July, had not yet been made, and the amount. of the taxes for 1898 was not then known, and could not be ascertained until the levy had been made for that year. The taxes for 1898, amounting to $180.49, not having been paid by Rudd the grantor, were paid by Dunlap the grantee, and he now seeks, in this action, to recover them, and insists that under the law and the convenants against taxes contained in the deed, the grantor Rudd was and is clearly liable for them. We think the contention is correct. While the levy had not been made, that fact went only to the question of amount, and did not in any way touch the question as to who would be liable for them when the levies had been finally made and the amount of the tax ascertained. Section 5579 of the laws of 1893 provides:

"Lands and lots shall be assessed to the owner thereof at their actual cash value, on the first day of January of each year, and the owner on that day shall be liable for the tax of that year."

By this statute a liability for taxes is definitely fixed on the grantor Rudd. It is fixed upon that date, before either the assessment or levies have been made; yet the liability is just as certain, though the amount thereof is as yet unknown. When Louisa J. Rudd, therefore, made her deed of general warranty, she was personally liable, under the statute, for the tax in question. She was liable for said tax independent of her deed, and liable for it even though the amount thereof had not been ascertained, and such liability, as between Rudd and the Territory, continued until the tax was actually paid. In reaching the above conclusion we are not without precedent. The same question was before the supreme court of

Nebraska under a statute essentially the same as ours, and that court reached the same conclusion we have arrived at.

Under the statute of that state a personal liability for real estate taxes is fixed upon the owner of the real estate on the first day of April of each year. In July 1882 the defendants, by their deed of general warranty, sold and transferred certain lands in that state to the plaintiff. The plaintiff paid the taxes of that year, and as in this case sued to recover them. In construing the statutes of that state Reese, C. J., said:

"Sec. 138 of the revenue laws provides that the taxes assessed on real property shall be a lien thereon from and including the first day of April in the year in which they are levied, until the same are paid. Sec. 44 provides that the owner of the property on the first day of April in any year, shall be liable for the taxes of that year. The purchaser of property on the first day of April shall be considered the owner on that day. The defendant, therefore, would be liable for the taxes for the year 1882 independently of the convenants in his deed, unless there was an agreement on the part of the plaintiff to pay them. (*McClure v. Campbell*, 25 Neb. 57, 40 N. W. 595; see also 42 N. W. 485 and 64 N. W. 920.)

The plaintiff in error insists that as the defendant in error Dunlap executed to her a mortgage on this same property, and in the same transaction, for a part of the purchase price, which mortgage contains covenant against taxes, the general covenants of the deed are qualified by the special covenants of the mortgage, and cites, in support of his contention, *Greer v. Richmon.* 92nd Mo. 375. The deferred payment in that case was represented by a deed of trust, which passed, under the laws of that state, the title to the land. The deferred payment in this case is secured by a mortgage which

by our law, only creates a lien against the property, which may be foreclosed in case of a default in the payment of the taxes. By the terms of this particular mortgage also, the only effect of a default in the payment of taxes is to make the whole amount of the debt with interest at once due and payable. It would hardly be contended, as between grantor and grantee, that the grantor Rudd could maintain a foreclosure because of unpaid taxes that she herself was liable for, under the covenants of her deed of general warranty.

The plaintiff in error is liable for the taxes in question, both under the statutes and by the terms of her deed of general warranty, and she should pay the same. The judgment of the court below is affirmed.

Burwell, J. who presided in the court below, not sitting; all of the other Justices concurring.