CHARLES L. BULLARD, Appellee, v. JOHN HOPKINS, Appellant.

**Vendor and vendee:** FIXTURES: DEEDS: BREACH OF COVENANT. Fixtures of a permanent character, fitted and suited to the building in which situated so that one without knowledge to the contrary would, from an inspection, be led to believe that they constitute a part of the building, will pass with a deed to

realty, and the purchaser of the building, without knowledge of a tenant's ownership of such fixtures, has a right of action therefor on the covenant of his deed.

*Appeal from Union District Court.*— HON. H. M. TOWNER, Judge.

. FRIDAY, OCTOBER 27, 1905.

ACTION for damages based upon a breach as alleged of the covenants of warranty in a deed conveying real estate. Trial was had to the court without a jury, resulting in a judgment for plaintiff, and the defendant appeals.— *Affirmed.*

*Sullivans & Fry,* for appellant.

*Maxwell & Maxwell* and *P. C. Winter,* for appellee.

BISHOP, J.— The real estate in question consists of a business building, and the ground upon which situate, in the city of Creston. The same was purchased by plaintiff of defendant in April, 1903, and the purchase price fully paid. The conveyance was by warranty deed in the ordinary form used in this State, and contained no words of reservation. It appears that one of the store-rooms in the building was at the time in the occupancy of one Leach as a drug store, and in said room was shelving, cases, counters, racks, drawers, and other like property incident to the equipment of a room for use as a drug store. It is conceded in respect of these that the ownership was in said Leach, the same having been put into the room by him for his convenience, and subject to removal upon the termination of his tenancy. This controversy has relation alone to the matter of such fixtures. The contention of plaintiff is that the fixtures were permanent in character, forming part of the building and appurtenances, and such as, in the absence of

anything appearing to the contrary, would pass with a conveyance of the fee. He alleges that he had no knowledge respecting the ownership of Leach. Appellee contends, on the other hand, that the property was trade fixtures and wholly personal in. character, and that the same did not in any event pass with the conveyance of the fee.

The evidence makes it clear that plaintiff had no actual knowledge of the ownership rights of Leach. In respect of the nature and character of the fixtures, and in addition to evidence of witnesses present upon the trial, it was agreed in open court that each of the parties should select a carpenter who should accompany the trial judge to the premises and assist in a personal inspection of the property, and that the court after such inspection might take the conditions disclosed thereby into account in reaching a conclusion as to the facts with reference to the character, permanency, etc., of the property. In ordering judgment, the court made a finding. as follows: " That the fixtures in. question are of a permanent character, exactly fitted and suited to the room in which they are located, and are of such nature, appearance, and construction that a person in examining the realty, without any notice to the contrary, would believe and conclude that they constituted a part of the building, and that said fixtures are of such a character as they as a matter of. law would pass as a part of the realty to a purchaser of the building, in which the same are situated who purchased the property without knowledge or notice of the rights of the tenants thereto."

As between Hopkins and Leach, it must be admitted that title to the fixtures never vested in the former. As between vendor and vendee, it is the general rule that things personal in their nature, but fitted and prepared to be used with real estate, and essential to its beneficial enjoyment, being on the land, and especially if attached thereto in some permanent way at the time of its conveyance by deed, pass with the realty. *Wilgus v. Gettings,* 21 Iowa, 177; *Stillman*

*v. Flenniken,* 58 Iowa, 450; *Ridgeway Stove Co. v. Way,* 141 Mass. 557, 6 N. E. Rep. 714; *Overman v. Sasser,* 107 N. C. 432, 12 S. E. Rep. 64, 10 L. R. A. 722, and note.

We need not add more than that the finding of facts as made by the court below is abundantly supported· by the evidence. Accordingly, we are concluded thereby. Code, section 3654; *Clark v. Reynolds,* 46 Iowa 674.

There is no error in the judgment, and it is *affirmed.*