PETER BIRKEL, APPELLEE, v. W. C. NORTON, APPELLANT.

FILED APRIL 13, 1909. No. 15,569.

County Courts: JURISDICTION: TITLE TO REALTY. Under section 16, art. VI of the constitution, denying to county courts jurisdiction in actions in which title to real estate is sought to be recovered, or may be drawn in question, a county court does not have jurisdiction in an action to recover damages for a breach of covenants of warranty and against incumbrances, where the breach complained of consists of removal of buildings and fences by a tenant of the covenantor under a paramount title.

APPEAL from the district court for Butler county: ARTHUR J. EVANS, JUDGE. *Reversed and dismissed.*

*Matt Miller,* for appellant.

*Aldrich & Fuller, contra.*

GOOD, C.

Defendant has appealed from a judgment in favor of the plaintiff in this action, which was brought to recover

damages for breach of a covenant contained in a deed of conveyance of real estate.

Defendant contends that the court did not have jurisdiction of the subject matter. The determination of this question will be decisive of this appeal. From the record it appears that in August, 1905, the defendant sold and agreed to convey to plaintiff on or before the first of March, 1906, the northwest quarter of section 29, township 15 north, range 2 east, in Butler county, Nebraska. A part of the consideration was paid at the making of the contract, the remainder to be paid when the deed was delivered. The contract provided that the deed should contain the usual covenants of warranty. On or about the first of March, 1906, plaintiff paid the remainder of the purchase price, and defendant executed and delivered to plaintiff a deed in accordance with the terms of the contract. It further appears that, at the making of the contract, the premises were in possession of one Walker as tenant of the defendant, and at that time there were certain buildings and fences upon the premises that were the property of the tenant. In the interval between the making of the contract and the delivery of the deed, and during the life of his lease, Walker removed the buildings and fences that belonged to him. There was no reservation in either the contract or deed of any of the fences or buildings. The deed contained the following covenant: "I do hereby covenant with the said Peter Birkel, and his heirs and assigns, that I am lawfully seized of said premises, that they are free from incumbrance, that I have good right and lawful authority to sell the same, and I do hereby covenant to warrant and defend the title of said premises against the lawful claims of all persons whomsoever." In his petition the plaintiff alleged that the removal of the buildings and fences constituted a breach of the covenants above quoted. The action was originally begun and tried in the county court, and was carried to the district court on appeal. In the district court the defendant objected

to the jurisdiction of the court over the subject matter of the action, upon the ground that the county court was without jurisdiction of the subject matter, and that the district court did not acquire jurisdiction by the appeal. His objections were overruled, and are now assigned as error.

Section 16, art. VI of the constitution, among other things, provides that county courts shall not have jurisdiction "in actions in which title to real estate is sought to be recovered, or may be drawn in question; nor in actions on mortgages or contracts for the conveyance of real estate." In *Hesser v. Johnson*, 57 Neb. 155, it was held that, within the statutory limits as to amount, a county court had jurisdiction in actions to recover damages for breach of covenant against incumbrances. In *Lorius v. Abbott*, 49 Neb. 214, it was held that county courts had jurisdiction of an action to recover liquidated damages for failure to convey real estate as agreed. In *Garmire v. Willy*, 36 Neb. 340, it was held that a county court had jurisdiction of an action brought upon a party wall agreement to recover one-half the expense of building a party wall where the amount sought to be recovered does not exceed the jurisdictional limit of such court as to amount. In *Mushrush v. Devereaux*, 20 Neb. 49, it was held that county courts had jurisdiction, within the jurisdictional limit as to the amount, of an action brought to recover money paid upon an agreement for the purchase and sale of land where the defendant had omitted or refused to perform his agreement to convey the same. The statute restricting the jurisdiction of a justice of the peace is quite similar to the constitutional restrictions above quoted. In *Campbell v. McClure*, 45 Neb. 608, it was held that a justice of the peace had jurisdiction of an action for breach of a covenant against incumbrance where the breach consisted of a failure to pay taxes that were a lien upon the premises conveyed. The breach of a covenant against incumbrance for which a recovery

15

was permitted in *Hesser v. Johnson, supra,* was for unpaid taxes which were a lien upon the premises conveyed. In all the foregoing cases the reasons for the holdings were that the title to real estate was not sought to be recovered nor was it drawn in question.

Plaintiff contends that the action in this case is based upon a breach of a covenant against incumbrance, and that, under the holdings in the cases mentioned, the county court had jurisdiction. While it is doubtless true, in all the cases referred to, that the title to real estate was not sought to be recovered, nor drawn in question, we do not think it follows that the title to real estate may not be drawn in question in an action for breach of covenant against incumbrance. Covenant against incumbrance, in the broadest sense of the term, extends to all adverse claims and liens on the estate conveyed, whereby the same may be defeated wholly or in part. 11 Cyc. 1070; *Scott v. Twiss,* 4 Neb. 133. While the removal of the fences and buildings complained of in this action may have constituted a breach of covenant against incumbrance, they also constituted a breach of covenant of warranty of title. See *Van Wagner v. Van Nostrand,* 19 Ia. 422; *Bullard v. Hopkins,* 128 Ia. 703; *West v. Stewart,* 7 Pa. St. 122; *Stewart v. West,* 14 Pa. St. 336. The case of *Van Wagner v. Van Nostrand* is almost identical with the case at bar. The real question for decision is not whether the action is for a breach of covenant against incumbrance or for a breach of covenant of warranty of title, but whether or not the title to real estate is sought to be recovered or drawn in question. In *Holmes v. Seaman,* 72 Neb. 304, it is said: "A justice of the peace has no jurisdiction of an action to recover damages for a breach of a covenant for quiet enjoyment in a deed conveying real estate, where such breach consists of an eviction by one having a paramount title." The decision in that case went upon the theory that the title to the real estate was drawn in question. In the instant case the deed contained no exception or reservation of any of the

fences or buildings, and by its terms it included, not only the land, but all the fences and buildings thereon, and they were conveyed by the defendant to the plaintiff, but were taken by defendant's tenant under a paramount title. The action is to recover the value of these appurtenances, the title to which failed. The situation is the same as though the plaintiff had been evicted of that part of the premises by a paramount title. It seems clear that the title to the real estate was necessarily drawn in question in this action, and therefore the county court did not have jurisdiction, and none was conferred upon the district court by appeal.

We therefore recommend that the judgment of the district court be reversed and the action dismissed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.