LUSETTA J. SOLT ET AL., APPELLEES, v. LEWIS C. ANDERSON, APPELLANT, AND JOHN H. SOLT ET AL., APPELLEES.*

FILED JUNE 19, 1901.   No. 9,457.

1. **Petition Sufficient.** Petition examined, and *held* to state facts sufficient to constitute a cause of action.

2. **Review of Error Upon Appeal.** On appeal to this court of an action in equity tried in the district court, alleged errors in the admission and rejection of evidence by the trial court can not be reviewed. The correctness of the judgment or decree appealed from will be determined from the record as presented by the appeal.

3. **Allegation of Fact in Reply Denied by Code.** An allegation of fact in a reply is taken as denied by force of the Civil Code; and when the allegation is not admitted and no proof in relation thereto is in the record, the fact alleged can not be said to exist.

4. **Administratrix of Vendor: HER RIGHT TO PROSECUTE.** The administratrix of a deceased vendor to a contract for the sale of real estate is authorized by the provisions of section 323 *et seq.*, chapter 23, Compiled Statutes, 1899, to prosecute an action against a vendee for specific performance of the contract and obtain authority to execute according to the terms of such contract a conveyance of the premises of the deceased vendor.

5. **Evidence: FINDING OF TRIAL COURT.** Evidence examined, and *held* to support the findings of the trial court, on the questions of fact put in issue by the pleadings.

APPEAL from the district court for Hamilton county. Heard below before SEDGWICK, J. *Affirmed.*

*Stark & Day,* for appellant.

*Hainer & Smith* and *D. A. Scovill, contra.*

*Rehearing allowed.

HOLCOMB, J.

Defendant Anderson appeals from a judgment adverse to him, rendered in the district court, wherein he was adjudged to pay the plaintiff the sum of $1,093, balance found due on a contract for the sale of real estate. The action was in its nature for the specific performance of an agreement for the sale of a tract of land entered into by Jacob Solt in his lifetime, and his wife, the appellee, the then owners of the land, on the one part and the appellant on the other. By the terms of the agreement, which is dated November 4, 1893, and pleaded in the petition, Anderson, the appellant, agreed to pay Solt, the owner of the land, $2,500, of which $50 was paid in cash and the balance to be paid the 1st day of March, 1894, less the amount of a certain mortgage then on the place. The vendor was to give peaceable possession of the premises on or before the 1st day of March, 1894, and to let Anderson do any work he wished to do on the place in the meantime; and Anderson agreed to forfeit all improvements and moneys paid if he failed to fulfill his part of the contract. The petition is assailed on the ground that it fails to state facts sufficient to constitute a cause of action. The petition alleges, in substance, that the deceased Solt was, in his lifetime, the owner of the land, and that the plaintiff was his wife and the administratrix of his estate; the execution of the mortgage thereon and of the written agreement with the defendant for the sale of the land, which is copied in the petition; the death of the owner and the names of those surviving him as his heirs at law; the payment of the further sum of $50 on the contract of sale March 6, 1894; that the deceased Solt, at the time of making the contract of sale, was the owner of the land and was ready and willing to convey the real estate to Anderson; that the deceased and plaintiff had complied with each and all the conditions in said contract on their part to be performed, and that since the death of Solt the plaintiff, both individually and as adminis-

tratrix, had been ready to convey the real estate to Anderson upon his paying the purchase price thereof, and has complied with each and all the conditions on her part to be performed; that Anderson had wholly failed, neglected, and refused to comply with his part of the contract, or to make any payment on the mortgage on the land or to pay the excess to Solt in his lifetime, or to the plaintiff as administratrix since his decease. She prayed for authority to convey the premises to Anderson, and that he be required to comply with the contract, and in the event of his refusal, that the plaintiff have judgment for the amount due on the contract with interest and costs. The objections to the petition are that it does not show that the deceased could convey a good title at the time he agreed to; that no deed was tendered on March 1, 1894, or at any subsequent date, nor that a state of facts existed rendering it unnecessary or unavailing; and no allegation is made that the plaintiff, as representative of the deceased, could convey a good title, or that she tendered a deed or demanded that Anderson comply with his contract. The petition, we think, states a cause of action. It is alleged that the plaintiff's intestate was the owner of the real estate when the contract was entered into; that as to him and his successors and representatives, all conditions of the contract obligatory on them had been performed; that they were ready and willing at all times to comply with the contract and execute a conveyance, and that defendant's failure, refusal and neglect to perform the conditions imposed on him had alone prevented the consummation of the contract. It may be admitted that after the decease of the owner authority to convey the premises in pursuance of the contract must be first obtained, of which more will be said hereafter; but defendant's refusal to comply with the agreement leaves him in a condition where he can not complain, because a conveyance was not made before the institution of the present suit. While he is in default, he can not be heard to say the plaintiff had not tendered him a good conveyance to

the premises. It was his duty to comply with the terms of the agreement, tender the amount owing, and upon failure to obtain a conveyance of the land by good title, he would be absolved from the obligations he had assumed. The petition on its face discloses compliance with the contract on the part of the deceased and his representatives at all times, and their ability and willingness to execute a conveyance of the land and pass a good title thereto upon the payment of the purchase price due under the agreement. The petition of the administratrix, under the facts pleaded, is equivalent to a vendor bringing a deed of conveyance into court and asking specific performance on the part of the vendee. The objection to the petition can not be upheld. The answer of the guardian *ad litem* of the minor heirs of the deceased is substantially the same as is the petition of the plaintiff and presents no different question as to its sufficiency.

Some attention is given by appellant's counsel, in his brief, to a discussion of alleged errors in the rulings of the trial court on the admission and rejection of evidence. The errors complained of can be reviewed properly only by proceeding in error. This being an appeal, we are to pass on the record as presented to us and therefrom determine the correctness of the judgment rendered in the trial court. We can not review the case on alleged errors in the admission and rejection of evidence when brought here on appeal. *Te Poel v. Shutt,* 57 Nebr., 592; *Zimmerman v. Zimmerman,* 59 Nebr., 80; *Orr v. Bailey,* 59 Nebr., 128.

It is also argued that the agreement to sell, being unacknowledged by the husband and wife and the land being a homestead, the contract is absolutely void and unenforceable. Whether the land is or was the homestead of the vendor we are unable to determine from the record before us, and are, therefore, precluded from considering the proposition thus advanced.

The reply alleges that it was the homestead of the vendor, but this, by force of the statute, is denied and there is no proof whatever on the subject. The allegation being

denied by operation of the Code as to the effect of a plead-
ing in reply, and it nowhere being admitted that the allega-
tion is true, the parties are in the same position as if a
pleading to the reply were permissible in which the de-
fendant denied the allegation of the reply alleging the
land was a homestead, and there being in the record no
evidence touching that issue.    It can not, therefore, be
said, from an inspection of the pleadings and the evidence,
that the land in controversy was the homestead of the
vendors.

It is further contended that the plaintiff being without
authority to execute a conveyance of the real estate at the
time the suit was instituted, she has no cause of action
against the defendant, and the action, for that reason,
must fail.    The argument is based upon the proposition
that no authority is given by statute for an administrator
of a deceased vendor to bring and prosecute an action for
specific performance by a vendee under a contract for the
sale of real estate.    Proceedings of this character are di-
rectly authorized by the provisions of section 323 *et seq.*,
chapter 23, Compiled Statutes, 1899, especially sections
335*a*, 335*b* and 335*c* of said chapter, being a part of the
laws of 1889, chapter 60, entitled "An act providing for
the conveyance of real estate by executors and adminis-
trators in certain cases."    The administratrix, under the
authority thus given, is authorized to institute an action
to compel specific performance of the contract and obtain
authority to execute a conveyance of the real estate under
the terms of the agreement executed by her intestate dur-
ing his lifetime.    The statute has been construed with
reference to the right of the vendee to enforce specific
performance after the death of the vendor, and the same
reason for a similar construction in the case of a deceased
vendor exists and a like construction will be given in the
case at bar.    *In re Reed,* 19 Nebr., 397, 401, and citations
therein made.

By the answer the defendant interposed as a defense
the plea that there were certain apparent liens on the land

which prevented the conveyance of a good title, and that the administratrix had abandoned the contract and committed waste on the real estate materially diminishing its value. On these issues, under the evidence, the court found against the defendant, and its findings are, we think, supported by the evidence. While there may have been apparent liens, the evidence failed to show any actual present lien for any sum or sums whatever. They were either dormant or for other reasons were shown to be of no validity as against the property described in the contract. On the question of the alleged abandonment of the contract by the plaintiff, and of waste committed on the premises, the evidence being conflicting, the court's conclusions and the judgment rendered thereon, under well settled rules for reviewing its proceedings on appeal, ought not to be disturbed.

In the reply brief the appellant urges that in any event, in addition to the amount of the face of the mortgage being deducted from the purchase price named in the agreement, there should be further deductions made for taxes accrued and interest accumulated. We do not find in the record any evidence of any taxes which were a lien on the land at the time the purchase price should have been paid or accumulated interest due at such time. We are of the opinion that the respective rights of the parties under the agreement to sell should be fixed and determined as of the time when by its terms the vendee was to make final payment of the sum due in excess of the mortgage on the land, and the vendor convey the land and surrender to the purchaser the peaceable possession thereof. So far as the record discloses this would be the total amount agreed upon as the purchase price, less the $100 paid by the vendee and the face of the mortgage, which sums appear to have been deducted by the trial court in its findings of the amount then due the plaintiff and for which judgment was rendered.

From what has been said it follows that the judgment appealed from is in conformity with law and equity, sup-

ported by the evidence, and should be affirmed, which is accordingly done.

AFFIRMED.