(87 Misc. Rep. 427)

### DOONAN et al. v. KILLILEA et al.

(Supreme Court, Special Term, Kings County. November 11, 1914.)

1. **COVENANTS (§ 42\*)—COVENANT AGAINST INCUMBANCES—"FREE FROM INCUMBRANCE."**

   Where a deed covenanted that the premises were "free from incumbrance," the term meant that the property was free, clear, discharged, and unincumbered of and free from all charges, assessments, and incumbrances, of what nature or kind soever.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 43; Dec. Dig. § 42.\*

   For other definitions, see Words and Phrases, First and Second Series, Free from Incumbrance.]

2. **COVENANTS (§ 96\*)—COVENANT AGAINST INCUMBRANCES—ASSESSMENTS.**

   Where, when a deed containing a covenant against incumbrances was delivered, an assessment against the property had been confirmed by the Supreme Court and entered on the records of the collector of assessments and arrears, it constituted an incumbrance, and a violation of the covenant, though it had not then become a lien under Greater New York Charter (Laws 1901, c. 466) § 1017, providing that such assessments do not become a lien until 10 days after entry on the assessor's books, which would have been subsequent to the delivery of the deed.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 111–129; Dec. Dig. § 96.\*]

Action by Daniel Doonan and another against Thomas Killilea and others. On demurrer to complaint. Demurrer overruled, without leave to answer, and judgment rendered for plaintiff as prayed.

William P. Mulry, of Lawrence, for plaintiffs.
Hector McG. Curren, of Brooklyn, for defendants.

CRANE, J. [1] On the 15th day of April, 1913, the defendants conveyed the premises in question to the plaintiffs by deed covenanting "that said premises are free from incumbrance." Under section 253 of the Real Property Law (Consol. Laws, c 50) such a covenant means that the property is free, clear, discharged, and unincumbered of and from all charges, assessments, and incumbrances, of what nature or kind soever.

[2] An assessment upon this property was confirmed by the Supreme Court on the 16th day of December, 1912, and entered into the records of the collector of assessments and arrears on the 11th day of April, 1913. The plaintiffs have paid this assessment, amounting to $888.69, and bring this action to recover the sum from the defendants, on the ground that it was a charge upon the land at the time of the conveyance, and constituted a breach of the covenant mentioned. The defendants have demurred to the complaint, claiming that by section 1017 of the Greater New York Charter such assessment did not become a lien until ten days after entry in the collector's books, or April 21, 1913, six days subsequent to the date of delivery of the deed.

Reliance for this demurrer is placed upon Ryan v. Domestic Realty Co., 85 Misc. Rep. 449, 147 N. Y. Supp. 974, which is supposed to follow Real Estate Corporation v. Harper, 174 N. Y. 123, 66 N. E. 660. In the latter case the confirmation of the commissioner's report was not had until after the giving of the deed, so that it is not in point. True, the opinion is broader, and goes further than the question before the court; but it is the point decided which constitutes the authority, and not the language of the court. People ex rel. Unger v. Kennedy, 207 N. Y. 545, 101 N. E. 442, Ann. Cas. 1914C, 616. This must be so, as it is impossible, in writing upon a given question, to foresee all the facts which may thereafter arise to which the language will be applicable. As the Real Estate Corporation Case refers with approval to De Peyster v. Murphy, 66 N. Y. 622, and Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131, I cannot consider these cases overruled. Their determination is conclusive upon this case, as the confirmation of an assessment was held to be a *charge* within the meaning of a covenant against incumbrances, although the lien in behalf of the city did not attach until the entry of confirmation in the street commissioner's record.

If it was the intention of the Court of Appeals, in the case in 174 N. Y. 123, 66 N. E. 660, to overrule the De Peyster and Lathers Cases, it could and should have said so as plainly as was stated in Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042, 42 L. R. A. (N. S.) 1229, and Wheeler v. New York, 233 U. S. 434, at page 440, 34 Sup. Ct. 607, 58 L. Ed. 1030. I cannot believe that the court tried to make a distinction where none existed, for the purpose of avoiding the logical con-

clusion. Court of Appeals decisions are not merely for the parties interested, but for the bar at large as the final statement of the law. Such statements should not leave judges and lawyers in doubt as to whether cases referred to in the opinion are approved or overruled.

For this reason I shall presume that the rule of the De Peyster and Lathers Cases is still the law, and, being applicable here, requires the overruling of the demurrer, as the complaint states a good and sufficient cause of action.

Demurrer overruled, without leave to answer over, and judgment rendered for the plaintiff as prayed for in the complaint, with costs.