SAMUEL CAMPAGNA, APPELLEE, V. HOME OWNERS LOAN
CORPORATION, APPELLANT.

300 N. W. 894

FILED NOVEMBER 21, 1941. No. 31206.

*Ray E. Dougherty, Louis W. Heyde* and *Mose Silverman,* for appellant.

*Paul J. Garrotto, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This action was brought in the municipal court of Omaha by Samuel Campagna, plaintiff, to recover back $100 paid by him to Home Owners Loan Corporation, defendant, as earnest money on an unperformed contract for the sale and purchase of lot 9, block 6, Campbell's addition to Omaha.

In writing, January 14, 1939, for the price of $7,200, defendant agreed to sell and plaintiff to buy the lot described.

The contract, on compliance with its terms, obligated defendant "to convey said property to plaintiff free and clear of all liens and encumbrances whatsoever," to furnish an abstract showing such a title and to execute and deliver a warranty deed accordingly. Failure of defendant to convey the lot to plaintiff "free and clear of all liens and encumbrances whatsoever" was alleged in the petition. On pleadings putting in issue the validity of the claim for a return of the earnest money, the municipal court entered a judgment in favor of plaintiff for $100 and interest. On appeal by defendant to the district court the judgment was the same. The questions for determination are presented by an appeal from the district court to the supreme court.

Jurisdiction of the municipal court over the subject-matter of the action and of the district court by appeal was challenged by defendant. The exercising of jurisdiction by either court is assigned as error. This position is based on a provision of the Omaha charter that the municipal court "shall not have cognizance of any action: * * * In any matter wherein the title or boundaries of land may be in dispute." Comp. St. 1929, sec. 22-206. Under the law of Nebraska the position thus taken is untenable. The title to the land is not in dispute. The record shows that defendant owns the fee and can convey title. The action is one to recover back earnest money paid under a written contract requiring defendant to convey the land "free and clear of all liens and encumbrances whatsoever." The pleadings raised an issue as to the existence of an encumbrance and as to the failure of defendant to make such a conveyance. The amount of the earnest money was within the jurisdiction of the municipal court. In principle the jurisdiction of the municipal court was properly entertained under a former opinion in which the court said:

"In *Mushrush v. Devereaux*, 20 Neb. 49, it was held that county courts and justices of the peace have jurisdiction, within the limits of amount, in actions to recover back a deposit, or money paid upon an agreement for the sale of land, where the defendant fails to perform his agreement to con-

vey the same. *Campbell v. McClure,* 45 Neb. 608, is undistinguishable from the present case, except from the fact that the land there conveyed was in this state, and the covenant was personal only. It was held that a justice of the peace had jurisdiction, and that the action did not draw in question the title. The distinction here urged does not affect the question. The cases cited show that the language of the Constitution does not exclude jurisdiction merely because to settle personal rights it becomes necessary to inquire into some fact concerning the title to land." *Hesser v. Johnson,* 57 Neb. 155, 77 N. W. 406.

In this view of the law the objections to jurisdiction were properly overruled.

Counsel for defendant earnestly contend, nevertherless, that an abstract showing title clear and free of all liens was presented to plaintiff, that he refused without cause to perform his contract of purchase, and that consequently he was not entitled to a return of the earnest money. The determining question, however, is the existence of an encumbrance within the meaning of the contract executed by the parties. As the abstract was first submitted to plaintiff it contained an entry showing that, in a criminal prosecution, a federal court had imposed a fine of $500 on a former owner of the land and that the fine stood on the public records as an unpaid judgment. Counsel advised plaintiff, in effect, that the abstract should show a title clear of this judgment. Plaintiff repeatedly demanded correction of the defect and, upon failure of defendant to make the correction, declined to complete the purchase and demanded a return of the earnest money. The abstractor was later persuaded by defendant to remove from the abstract the entry relating to the fine on the grounds that the death of the former owner, upon whom the fine was imposed, made the judgment unenforceable and that the lien thereof expired by the lapse of time. The fine and the judgment, however, remain on the public records in their original form. The government did not release the judgment and the federal court did not strike it from the record. Defendant took no action in court to have

it canceled as void. The contract to convey the land was not limited to a conveyance free from liens but extended further to all encumbrances whatsoever. In this sense "whatsoever" is a word of broad significance, meaning encumbrances of any kind. *Doonan v. Killilea,* 87 Misc. 427, 149 N. Y. Supp. 832; *Schuck v. Shook,* 10 N. Y. Supp. 935. In a legal sense the word "encumbrance" has been defined "to be anything that impairs the use or transfer of property," and, "As applied to an estate in land, it may fairly include whatever charges, burdens, obstructs, or impairs its use, or prevents or impedes its transfer." 20 C. J. 1250, 1252.

The judgment, standing on the public records unpaid and uncanceled, though unenforceable as a lien, nevertheless impedes the transfer as shown by uncontradicted evidence. Under the contract plaintiff was not required to accept a conveyance at the risk of litigation to clear the record of an encumbrance impeding the transfer of the property.

In these views of the facts and the law, there was no defense to the case made by plaintiff for the return of his earnest money. It follows that errors in the proceedings of the district court, if any, are immaterial.

AFFIRMED.