SAMUEL CAMPAGNA, APPELLEE, V. HOME OWNERS LOAN CORPORATION, APPELLANT.

3 N. W. (2d) 750

FILED MAY 8, 1942. No. 31206.

*Ray E. Doughtery, Louis W. Heyde* and *Mose Silverman,* for appellant.

*Paul J. Garrotto, contra.*

*Richard O. Williams, Arthur C. Sidner, Franklin L. Pierce, Claude S. Wilson, Alexander McKie, Maurice S. Hevelone* and *Lewis R. Ricketts, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This action was commenced by plaintiff to recover back $100 paid by him to the defendant as earnest money on an unperformed real estate contract. Plaintiff obtained judgment and defendant appealed to this court. In a former opinion found in 140 Neb. 572, 300 N. W. 894, this court affirmed the judgment. The matter is now before us on motion for a rehearing.

The record shows that on January 14, 1939, defendant agreed in writing to sell the real estate in question to the plaintiff for $7,200. The contract obligated defendant "to convey said property to plaintiff free and clear of all liens and encumbrances whatsoever." Plaintiff claims that defendant failed to perform its contract because of a certain judgment of record which defendant failed to have removed as a cloud upon the title. The determining question is whether the judgment was a lien or encumbrance within the meaning of the contractual provision heretofore recited.

It appears that on November 26, 1930, a former owner of the property was prosecuted in federal court for a criminal offense and fined $500 and costs. No execution was ever issued upon this judgment. The former owner who had been subjected to the fine died on November 12, 1931. We think this amounted to an abatement of the judgment. In *United States v. Mitchell*, 163 Fed. 1014, the court said: "The purpose of a fine imposed in a criminal case is the punishment of the defendant personally for the offense of which he has been convicted, and, while the federal statutes provide for the collection of a fine by execution as in case of civil judgments, there is no provision making it a debt, and, where a defendant upon whom a fine has been imposed by a federal court dies before the fine has been paid or collected, the cause abates, and the fine cannot be collected from his estate." See, also, *United States v. Dunne*, 173 Fed. 254; Patton, Titles, secs. 356, 358.

But whether or not the judgment was abated, it certainly had become dormant. We have held on numerous occasions that a dormant judgment is not a lien on real estate. It is

true that upon revivor of the judgment the lien thereof again attaches although its priority is lost. But if the real estate is transferred while the judgment is dormant, the lien of the judgment cannot be asserted against such real estate. *Flagg v. Flagg,* 39 Neb. 229, 58 N. W. 109; *Horbach v. Smiley,* 54 Neb. 217, 74 N. W. 623; *Halmes v. Dovey,* 64 Neb. 122, 89 N. W. 631; *Glissmann v. Happy Hollow Club,* 132 Neb. 223, 271 N. W. 431.

It is urged the use of the words "free and clear of all liens and encumbrances whatsoever" removes the case from the operation of the general rule. The contract requires that the property be free of "all" liens and encumbrances. We fail to see how the addition of the word "whatsoever" could add anything to the plain words of the agreement. The term encumbrance is usually defined as any right or interest in land, held by one other than the owner, which diminishes the value of his title, but which is not of such an extent as to be inconsistent with his ability to convey a fee. In Patton, Titles, sec. 315, it is said: "However, a purchaser can make no valid objection to a judgment which is not enforceable against the land involved."

In *Solt v. Anderson,* 62 Neb. 153, 86 N. W. 1076, this court came to the same conclusion. We said: "By the answer the defendant interposed as a defense the plea that there were certain apparent liens on the land which prevented the conveyance of a good title, and that the administratrix had abandoned the contract and committed waste on the real estate materially diminishing its value. On these issues, under the evidence, the court found against the defendant, and its findings are, we think, supported by the evidence. While there may have been apparent liens, the evidence failed to show any actual present lien for any sum or sums whatever. They were either dormant or for other reasons were shown to be of no validity as against the property described in the contract."

A merchantable title need not be free from every technical defect, but the test is whether a man of reasonable prudence, familiar with the facts and the questions of law involved,.

would, in the ordinary course of business, accept such a title as one which could be sold to a reasonable purchaser. *Bliss v. Schlund,* 123 Neb. 253, 242 N. W. 436. In the instant case the law clearly demonstrates that the judgment is unenforceable. We think the judgment was abated by the death of the judgment debtor, but, assuming that it was not, the land was free from the lien thereof by virtue of its transfer during the dormancy of the judgment. Applying the rule announced in the *Schlund* case, we fail to see how a man of reasonable prudence, familiar with the facts and the questions of law involved in the situation before us, could seriously urge that the patently unenforceable federal judgment could impede the transfer of title. We now think that we came to an incorrect conclusion on this point in our former opinion and we hereby vacate our former opinion to the extent that it conflicts herewith.

The judgment of the district court is reversed and the action dismissed for the reasons herein stated.

REVERSED AND DISMISSED.